IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MARTINSBURG DIVISION

**JASON STEVEN KOKINDA,**

        **Plaintiff,**

v.                      **CIVIL CASE NO.: 3:21-cv-00154**

**ELKINS POLICE DEPT.; CPRL. T. H. FOSTER;
PTLM. K. A. SHIFLETT; CPRL. MILLER S. P.;
PTLM. BOATWRIGHT; DUSM MICHAEL BARRON;
S.I. JOHN HARE; ANDY BALINT; MARK HORNAK;
CYNTHIA REED EDDY; TOM CORBETT;
CHRISTOPHER MAHONEY; TAMMY SUMMERFIELD;
KIMBERLY BUTCHER; BILLY BUTCHER;
DAVID PARKER; ROSEANNA BELL;
LECKTA POLING; JANE DOE #1; BILL POWELL;
STEPHEN WARNER; SARAH WAGNER;
BRANDON FLOWER; MICHAEL ALOI;
THOMAS S. KLEECH; JOSH SHAPIRO;
WILLIAM R. STOYCOS; CITY OF ELKINS, W.V.;
MICHAEL PARKER; JAN E. DUBOIS,**

        **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending is Plaintiff's Complaint filed pursuant to 42 U.S.C. § 1983, (ECF No. 1), and his Motion for Leave to File Excess Pages. (ECF No. 2). In view of the number of defendants and claims contained in the Complaint, the undersigned finds good cause to **GRANT** the Motion for Leave to File Excess Pages. (ECF No. 2). Thus, the Complaint is considered in its entirety as filed.

The undersigned United States Magistrate Judge has conducted an initial

1

screening of the Complaint as required by 28 U.S.C. § 1915A. Title 28 U.S.C. § 1915A provides as follows:

> **(a) Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> **(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
> **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> **(2)** seeks monetary relief from a defendant who is immune from such relief.
>
> **(c) Definition.**--As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

A "frivolous" case has been defined as one which is based upon an indisputably meritless legal theory, *Anders v. California*, 386 U.S. 738, 744 (1967), or lacks "an arguable basis either in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *Denton v. Hernandez,* 504 U.S. 25 (1992). Likewise, a complaint fails to state a compensable claim, and therefore should be dismissed, when viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007).

The Supreme Court of the United States further clarified the "plausibility" standard in *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009), stating that the Court is required to accept as true the factual allegations asserted in the complaint, but is not required to accept the legitimacy of legal conclusions that are "couched as ... factual allegation[s]." *Id.* at 678 (quoting *Bell Atlantic* Corp, 550 U.S. at 554). "Threadbare recitals of the elements

2

of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*.

Although *pro se* complaints, such as the one filed in this case, must be liberally construed to allow the development of potentially meritorious claims, the court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985). At the same time, to achieve justice, the court may allow a *pro se* plaintiff the opportunity to amend his complaint in order to correct deficiencies in the pleading. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978).

Based upon the undersigned's review of the Complaint, Plaintiff has failed to state a plausible cause of action against any of the named defendants. The Complaint consists largely of conclusory statements that lack any supporting facts. Moreover, Plaintiff fails to provide any factual context for the allegations, rendering them incomprehensible at times. As explained below, Plaintiff must amend his Complaint to correct its deficiencies stated below, or the Complaint will be subject to dismissal for failure to state a claim.

1. Plaintiff states that the Elkins Police Department executes an unconstitutional custom of "stacking up phony charges by applying elements in willy-nilly, absurd, or hypertechnical manner, and fabricating misleading affidavits to falsely arrest." (ECF No. 1 at 2, 22-23). To state a plausible claim against the Elkins Police Department, Plaintiff must show that the Department causes constitutional deprivation:

3

> (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that "manifest [s] deliberate indifference to the rights of citizens"; or (4) through a practice that is so "persistent and widespread" as to constitute a "custom or usage with the force of law."

*Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003) (citation omitted). After showing the existence of an unconstitutional custom or policy, Plaintiff must demonstrate that the custom or policy resulted in a violation of *his* constitutional rights. *Monell v. Dep't of Soc. Servs. Of the City of N.Y.*, 436 U.S. 658, 690 (1978). The only support provided by Plaintiff for his claim against the Department is an allegation that an unidentified man in some unrelated case was charged by the Department with theft of electricity for plugging in his cellphone. (ECF No. 1 at 23). Even if true, one instance of a so-called "unreasonable" charge does not demonstrate the existence of a policy, regulation, ordinance, decision, omission, or widespread and persistent practice necessary to support Plaintiff's claim. Moreover, Plaintiff does not articulate how this alleged unconstitutional custom or policy led to a deprivation of his constitutional rights. Therefore, Plaintiff must amend his complaint to provide **facts** showing the existence of an unconstitutional custom or policy, as well as **facts** demonstrating how that custom or policy harmed Plaintiff.

Plaintiff further accuses the Elkins City Police and Randolph County State Troopers of coercing statements, misleading a judge, omitting content from affidavits of probable cause, facilitating malicious prosecution, and obstructing Plaintiff's pending lawsuits. (ECF No. 1 at 19). Plaintiff later states that it "appears" that (1) he was targeted for vindictive prosecution; and (2) the police coerced Kimberly Butcher to embellish a story against him. (*Id*. at 20-21). These allegations are not statements of **fact**, but rather are conclusory allegations devoid of any factual basis. Therefore, Plaintiff must amend his

4

complaint to include specific facts showing that the Elkins Police Department violated his constitutional rights.

2. Plaintiff alleges that Corporal Foster arrested Plaintiff on September 29, 2019, without probable cause, on a charge of obstruction that "plainly lacked lawful authority." (ECF No. 1 at 2, 21). He states that the charge was related to his failure to sign a fingerprint card. Plaintiff also indicates that when Corporal Foster questioned Plaintiff, Plaintiff stated that he was the "authorized representative" of "Jason Steven," but never actually said that Jason Stevens was his name. (*Id.* at 22). These skeletal allegations do not permit the Court to infer more than the mere possibility of misconduct. Accordingly, Plaintiff must amend his complaint and provide sufficient factual allegations for the Court to determine if a viable claim exists against Defendant Foster. For example, Plaintiff should provide details about his arrest, the prosecution of the charge, the outcome of the prosecution, and how his statement regarding Jason Steven is relevant. "Federal judges are not pigs searching for truffles and federal courts are not required to be 'mind readers' or advocates for pro se litigants in construing pro se pleadings." *Brett v. Blume*, No. CV 3:19-1134-JFA-SVH, 2019 WL 2178321, at *3 (D.S.C. Apr. 19, 2019), *report and recommendation adopted*, No. CV 3:19-1134-JFA-SVH, 2019 WL 2177318 (D.S.C. May 20, 2019).

3. Plaintiff claims that Patrolman Shiflett "plainly coerced civilian witnesses" or conspired to fabricate charges against Plaintiff. (*Id.* at 3). Nothing else specific to Defendant Shiflett is included in the Complaint. Plaintiff fails to state a claim against Defendant Shifflet, because his allegation is a mere conclusory statement, rather than facts. Accordingly, Plaintiff must amend the Complaint and provide facts demonstrating that Defendant Shifflet coerced witnesses, and that coercion was a constitutional

5

deprivation to Plaintiff. As previously stated, in order for the Court to understand the claims asserted by Plaintiff, he must put them in some factual context.

4. According to Plaintiff, Corporal Miller of the West Virginia State Police conspired with his girlfriend, Leckta Poling, to obstruct Plaintiff from obtaining bail and to lay a foundation for unlawful federal charges. (ECF No. 1 at 3). Plaintiff claims that Defendant Miller filed bogus "failure to register" charges against Plaintiff without doing a proper investigation. (*Id.* at 23). These allegations are insufficient to state a claim, because they lack any supporting facts or context. Plaintiff must amend the Complaint and provide factual allegations detailing when the charges were filed and the outcome of the charges, as well as showing that Defendant Miller filed false charges against Plaintiff with the intent to deprive him of due process.

5. Plaintiff accuses Patrolman Boatwright of conspiring with federal officials to conduct an unlawful search without probable cause and while omitting key facts in an affidavit supporting probable cause. This allegation is too vague to state a claim. The Complaint lacks any information regarding when and where the search occurred; whether a warrant was issued before the search; who conducted the search; what key facts were left out of the affidavit; what injury Plaintiff suffered as a result of the search; and what actions constituted a conspiracy. (ECF No. 1 at 3-4). Plaintiff adds that the facts presented by Defendant Boatwright in support of a sexual abuse charge "supported a check of P.M.'s cellphone for sexually explicit messages or photos." (*Id.* at 22). Without more information, Plaintiff's claim based on this allegation is incomprehensible. Plaintiff must amend the Complaint and include relevant factual support for this claim.

6. Plaintiff alleges that Deputy United States Marshal (DUSM) Michael Barron of Vermont conspired with West Virginia and Pennsylvania officials to retaliate against

Plaintiff "for his lawsuits and whistleblowing." (ECF No. 1 at 4). He claims Vermont was the source of ping warrants and tracking placed on his phone and that "they executed entrapments" to make Plaintiff violate SORNA. Once again, these allegations are conclusory and devoid of factual support. Plaintiff provides no information about with whom and what Defendant Barron did that Plaintiff believes constituted a conspiracy, nor does he explain how a DUSM in Vermont could have entrapped Plaintiff in West Virginia. As currently written, Plaintiff fails to state a claim against Defendant Barron. Plaintiff must amend the Complaint and supply factual support and context for his claims against Defendant Barron. Given that Defendant Barron is not a West Virgnia resident, Plaintiff must clarify Barron's contacts with West Virginia.

7. Plaintiff asserts that U.S. Marshal, S.I. John Hare, conspired with Marshals in Vermont and Pennsylvania, as well as other defendants, to retaliate, obstruct, and oppress Plaintiff. (*Id.* at 5). He adds that Defendant Hare "likely" helped coordinate state officials to take action that would form a basis for federal detainment, without any further information. Plaintiff's allegations are conclusory and entirely devoid of factual support. He fails to provide any facts to indicate how Defendant Hare conspired with others; how Plaintiff knows of the conspiracy; whether Plaintiff was detained by federal authorities; the outcome of the charges against him; and how Defendant Hale acted to "by-pass" the grand jury. Plaintiff must amend the Complaint to add supporting information.

8. Plaintiff accuses Pennsylvania U.S. Marshal Andy Balint of conspiring with other defendants to retaliate against Plaintiff. (*Id.* at 6). By way of explanation, Plaintiff states that it "appears" that Mark Hornak and Cynthia Reed Eddy ordered such "extrajudicial retaliation" as a favor to various Pennsylvania authorities. Plaintiff's Complaint against Defendant Balint contains no factual recitations showing wrongdoing

7

and, in fact, rests wholly on speculation. Plaintiff must amend the Complaint and provide factual support for his claims against Defendant Balint and to demonstrate what, if any, specific contacts Defendant Balint has with West Virginia.

9.      Plaintiff makes the same accusation of conspiracy on the part of Pennsylvania U.S. Marshal Nikki Doe. (ECF No. 1 at 6). He claims that Defendant Doe was "one of the prime actors in relaying retaliations in Vermont." (*Id.*). Plaintiff then "infers" that the West Virginia retaliations were carried out in accordance with the Vermont and Pennsylvania conspiracies. Plaintiff's claims against Defendant Doe are entirely speculative and are without any factual underpinning. Plaintiff admits that he is inferring that some act by Defendant Doe resulted in retaliations in West Virginia. Plaintiff must amend his complaint and provide facts showing what Defendant Doe did in relation to charges against Plaintiff; what were the results of the charges levied against him; what acts Defendant Doe took in West Virginia; and how her actions violated Plaintiff's constitutional rights.

10.     Plaintiff alleges that United States District Judge Mark Hornak and United States Chief Magistrate Judge Cynthia Reed Eddy conspired against Plaintiff as a favor to former Pennsylvania Governor, Tom Corbett. (*Id.* at 7-8). Plaintiff makes no specific allegations against Judge Hornak, other than to say the he has a record of judicial misconduct, and Plaintiff claims that Judge Eddy obstructed Plaintiff's "dead lawsuits." (*Id.* at 8). Plaintiff's claims against Judges Hornak and Eddy are so vague and unsupported as to be incomprehensible. Plaintiff must amend his Complaint and state, with factual allegations, specifically what these two defendants did that violated his constitutional rights. He must also describe how he was injured. Finally, Plaintiff must explain how the actions of Judge Hornak and Judge Eddy are relevant to his claims

8

against the West Virginia defendants. Plaintiff should bear in mind that judicial officers have absolute immunity for actions taken within their authority as a judge. *See Mireles v. Waco,* 502 U.S. 9, 11 (1991) ("Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages. Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial."). Consequently, Plaintiff is precluded from joining them in a lawsuit unless he can point to extrajudicial actions that violated his rights. Simply saying that an action was "extrajudicial" is not enough, because that is a conclusion. Instead, Plaintiff must state the facts showing how an act by the judge was extrajudicial.

11. Similarly, Plaintiff accuses former Governor Tom Corbett of conspiring to retaliate against Plaintiff. (ECF No. 1 at 8). He admits in his discussions about Defendant Corbett that he has no factual basis to support his claims. Plaintiff states that he has no direct evidence of a conspiracy and is only "inferring" the existence of one. Yet, he supplies no facts that might demonstrate a conspiracy. Plaintiff must amend his complaint to state clearly and factually exactly when, where, and what actions were taken by Defendant Corbett to conspire against Plaintiff; what information he has of a conspiracy; what constitutional rights of his were violated by Defendant Corbett; and what role, if any, Defendant Corbett played in the West Virginia charges against Plaintiff.

12. Plaintiff claims that Christopher Mahoney, Tammy Summerfield, and Kimberly Butcher "may have conspired" with defendants and were "working with the police for whatever reason." (*Id.* at 9). He then states that they were coerced by police to oppress Plaintiff, or may have received a reward to incentivize them to oppress Plaintiff. Similarly, he alleges that David Parker and Roseanna Bell "may have conspired" with law

9

enforcement. (ECF No. 1 at 10). He states that these individuals tailored their narratives to paint Plaintiff as a "predatory molester." (*Id.* at 11). Later in his Complaint, he agrees that these witnesses "are immune from damages" if they were coerced to act against him. Plaintiff is advised that 42 U.S.C. § 1983 provides a remedy to parties who are deprived of federally protected civil rights by persons acting under color of any state "law, statute, ordinance, regulation, custom, or usage." To state a cause of action under § 1983, a plaintiff must allege facts showing that: (1) an official deprived the plaintiff of a federally protected civil right, privilege or immunity and (2) that the official did so under color of State law. 42 U.S.C. § 1983; *see also Perrin v. Nicholson*, C/A No. 9:10-1111-HFF-BM, 2010 WL 3893792 (D.S.C. Sept. 8, 2010). If either of these elements is missing, the complaint fails to state a claim for relief under 42 U.S.C. § 1983. Based on the sparse allegations in the Complaint, it does not appear that any of these individuals are state actors. Therefore, they cannot be sued under § 1983. Plaintiff must amend his Complaint to show how these individuals are state actors and provide specific factual allegations of how they deprived him of a constitutionally protected right. As earlier stated, Plaintiff cannot maintain a cause of action based merely on conclusory statements and speculation. Plaintiff must present **facts** tending to show that the defendants are liable for a constitutional violation.

13.     Plaintiff contends that Billy Butcher, a police officer with the Elkins Police Department, "may have conspired" with other defendants to harm Plaintiff. (*Id.* at 9-10). However, the only allegations pertaining to Billy Butcher are that (1) Kimberly Butcher "may" be a relative of his; and (2) he was added to "playground situation;" (3) his connection with Kimberly Butcher "may" have made other witnesses more comfortable with a conspiracy to fabricate false allegations; and (4) he "might" be a conduit to pass

reward money or help witnesses. As worded, these allegations fail to state a claim against Billy Butcher. They are based entirely on speculation and include no actual facts indicating how, or even if, Billy Butcher had any contact with Plaintiff or his charges. Plaintiff must amend the complaint and explain the role played by Billy Butcher; how he violated Plaintiff's rights; and what injury Plaintiff suffered.

14.  Plaintiff asserts that Leckta Poling and Jane Doe #1, who are prosecutors in the Magistrate Court of Randolph County, and Michael Parker, who is the Randolph County Prosecutor, conspired with other defendants. (ECF No. 1 at 11, 15). He states that Defendant Poling "refused to reduce bail or recommend dismissal of charges." (*Id.* at 11). She and Defendant Jane Doe #1 then conspired with S.P. Miller to hold Plaintiff on bogus "failure to register" charges. With respect to Defendant Parker, Plaintiff claims that Parker conspired to prosecute Plaintiff and hold him under unlawful bond. (*Id.* at 15). Plaintiff is advised that prosecutors have immunity from liability for acts committed in the course of litigation. In *Imbler v. Pachtman*, the Supreme Court held that a prosecutor enjoys absolute immunity from suit for conduct "in initiating and in presenting the State's case." 424 U.S. 409, 431 (1976). The Court explained:

> A prosecutor is duty bound to exercise his best judgment both in deciding which suits to bring and in conducting them in court. The public trust of the prosecutor's office would suffer if he were constrained in making every decision by the consequences in terms of his own potential liability in a suit for damages. Such suits could be expected with some frequency, for a defendant often will transform his resentment at being prosecuted into the ascription of improper and malicious actions to the State's advocate.

*Imbler*, 424 U.S. at 424-25.

Although the Court in *Imbler* declined to delineate the specific prosecutorial functions that give rise to the protection of absolute immunity, the Fourth Circuit Court of Appeals has repeatedly reaffirmed that a prosecutor is entitled to absolute immunity

11

for claims that rest on her decisions regarding "whether and when to prosecute." *Lyles v. Sparks,* 79 F.3d 372, 377 (4th Cir. 1996) (quoting *Imbler,* 424 U.S. at 431 n. 33); *see also Ehrlich v. Giuliani,* 910 F.2d 1220 (4th Cir. 1990). In other words, absolute immunity is afforded to prosecutors when acting "within the advocate's role." *Buckley v. Fitzsimmons,* 509 U.S. 259, 278 (1993). Consequently, Plaintiff must amend his complaint to specify exactly what Defendants Poling, Parker, and Jane Doe #1 did that is actionable in this case. It is not enough to say that they "plainly" conspired with S. P. Miller. Plaintiff must include factual allegations demonstrating that Defendants Poling, Parker, and Jane Doe #1 acted outside the scope of their advocate's role and violated Plaintiff's constitutional rights.

15. Plaintiff claims that Bill Powell, Stephen Warner, Sarah Wagner, and Brandon Flower—all of whom are litigation attorneys with the United States Attorney's Office—conspired to assist the State of West Virginia in fabricating charges against Plaintiff. (ECF No. 1 at 12). He states that the attorneys for the United States believed Plaintiff was mentally ill, making him an easy target. Once again, these claims are conclusory and speculative with no supporting facts. As these defendants enjoy the same prosecutorial immunity as the state attorneys, Plaintiff must amend his Complaint and provide factual details concerning the specific acts taken by these defendants, which violated Plaintiff's rights and were outside the scope of their role as advocates.

16. Plaintiff accuses Mike Aloi, United States Magistrate Judge, and Thomas S. Kleeh, United States District Judge, of acting extrajudicially to "protect state defendants" and to make "state officials confident to carry out retaliation." (*Id.* at 12-13). As with every other claim, Plaintiff's Complaint is entirely devoid of facts to support these allegations. His statements regarding Judges Kleeh and Aloi are vague, conclusory, and without

context. As previously stated, judges are entitled to absolute judicial immunity for actions taken within the scope of their professional authority. While Plaintiff contends that these defendants acted outside of their judicial role, in a "private capacity," he provides no factual basis for that contention. Plaintiff must amend his Complaint and state exactly what these defendants did or did not do, when the actions took place, in what context they occurred, and what information he has to support his claims.

17. Plaintiff claims that Josh Shapiro and William R. Stoycos, Pennsylvania Attorney General and Senior Deputy, conspired with other defendants. (ECF No. 1 at 14). He indicates that Defendant Stoycos conspired with Defendant Tom Corbett during Plaintiff's post-conviction proceedings in Pennsylvania to charge Plaintiff for quoting the Bible. Plaintiff's claims are entirely without factual explanation or support. Plaintiff is advised that attorneys in a State Attorney General's office are entitled to prosecutorial immunity as previously explained. Plaintiff must amend his Complaint and supply factual allegations to explain and support these allegations. He must also provide the Court with facts showing what ties these defendants have to the State of West Virginia; whether they initiated any charges against Plaintiff; the outcome of his post-conviction proceedings and any other information supporting his claims. Plaintiff is admonished that conclusory statements and displeasure with the outcome of unrelated court proceedings do not state a viable cause of action under § 1983.

18. Plaintiff indicates that the City of Elkins may be the proper defendant for allegations against city employees. (*Id.* at 14-15). Plaintiff must amend his Complaint and explain to which employees he refers, and in what manner the City may be responsible. At this point, he has not specified any claims against the City. To the extent that Plaintiff intends to hold the City liable for the acts of specific employees pursuant to the doctrine

of *respondent superior*, Plaintiff is advised that under § 1983, the doctrine of *respondeat superior* has no application. *Vinnedge v. Gibbs,* 550 F.2d 926, 928 (4th Cir. 1977) (*quoting Bennett v. Gravelle,* 323 F. Supp. 203, 214 (D. Md. 1971)).

19.  Plaintiff alleges that Judge Jan E. DuBois, United States District Judge in the Eastern District of Pennsylvania, coordinated an extrajudicial retaliation against Plaintiff to steal his file in Pennsylvania. (ECF No. 1 at 16). Plaintiff adds that he is a defendant in a pending lawsuit. As has been stated on multiple occasions in this Memorandum Opinion and Order, Plaintiff must amend his Complaint and add specific facts implicating Defendant DuBois, explaining his role in Plaintiff's case, and describing Defendant DuBois's contacts with West Virginia. Conclusory statements, unsupported allegations, and speculation are insufficient to state a plausible claim.

20.  Plaintiff includes a list of claims in his Complaint. (*Id*. at 19-20). These claims are not attributed to any specific defendant. When asked to supply **facts** in support of the claims, Plaintiff simply reiterates vague, conclusory, speculative, and sometime incomprehensible accusations that are entirely devoid of facts. Moreover, it is virtually impossible for the undersigned to discern from Plaintiff's statements the context of any of his claims. Plaintiff fails to provide information regarding the underlying civil and criminal actions to which he refers, fails to factually connect out-of-state defendants with his claims in this district, and raises defenses relevant to his other cases which have no apparent relevance to this action. Plaintiff must amend his Complaint and provide detailed factual allegations to support his claims. He must avoid making conclusions and inferences; instead, he must supply facts. Plaintiff must amend his Complaint to tie the various claims to the various defendants. While it is true that Plaintiff names every defendant in every count, that is insufficient to state viable claims against the defendants

in the absence of supporting facts. Some of the claims clearly do not apply to all of the named defendants. When Plaintiff alleges that certain defendants conspired, he must clarify which defendants conspired, what they did that made them part of a conspiracy, what facts he has indicating a conspiracy, and how the alleged conspiracy deprived him of constitutional rights.

Plaintiff is **ORDERED** to amend his Complaint and cure the above-stated deficiencies within **thirty (30) days** of the date of this Order. A failure to amend the Complaint as instructed will result in a recommendation that the Complaint be dismissed for failure to state a claim. If Plaintiff amends some portions of the Complaint, but not others, the undersigned will recommend that the portions not amended be dismissed for failure to state a claim. If Plaintiff determines that he does not have sufficient facts to state a claim against one or more defendants, he may omit those defendants from the Amended Complaint and they will be dismissed from the action. Once Plaintiff has submitted the Amended Complaint, the undersigned shall perform an initial screening of that pleading.

Plaintiff is reminded that as a *pro se* Plaintiff, he is responsible for notifying the Clerk of Court if he has any change of address. If Plaintiff fails to do so, his Complaint/Amended Complaint may be subject to dismissal for failure to prosecute pursuant to Fed. R. Civ. P. 41.

**ENTERED:** February 16, 2022

_____
Cheryl A. Eifert
United States Magistrate Judge