IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MARTINSBURG DIVISION

JASON STEVEN KOKINDA,

        Plaintiff,

v.                                                 CIVIL ACTION NO.  3:21-cv-00154

COPRL. T.H. FOSTER, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff Jason Steven Kokinda's ("Plaintiff") Amended Complaint.  (ECF No. 16.)   By Order dated January 27, 2022, this matter was referred to United States Magistrate Judge Cheryl A. Eifert for submission of proposed findings and a recommendation for disposition ("PF&R").  (ECF No. 10.)

On May 18, 2022, Magistrate Judge Eifert filed a PF&R recommending that this Court deny Plaintiff's Motion to Issue Stay and Abeyance of Case, (ECF No. 14), and dismiss certain Defendants, (ECF No. 18).   On June 6, 2022, Plaintiff filed a motion for an extension of time to file his objections to the PF&R.  (ECF No. 21.)   The Court granted that motion, (ECF No. 22), and Plaintiff thereafter filed timely objections and a supporting memorandum on June 27, 2022, (ECF No. 24).   Then, on September 1, 2022, Plaintiff filed a "Nunc Pro Tunc Supplemental Memorandum of Law in Support" of his previously filed objections.   (ECF No. 38.)

1

For the reasons more fully explained below, the Court **OVERRULES** Plaintiff's objections, (ECF Nos. 24 & 38), **ADOPTS** the PF&R, (ECF No. 18), **REMANDS** the case to Magistrate Judge Eifert for further proceedings.

## I.  BACKGROUND

A detailed recitation of the extensive facts of this action can be found in Magistrate Eifert's PF&R, (ECF No. 18), and need not be repeated here. The Court will discuss any relevant facts as needed to resolve Plaintiff's objections.

## II.  STANDARD OF REVIEW

### A. Review of Magistrate Judge's Finding and Recommendations

The Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a plaintiff "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In reviewing those portions of the PF&R to which Plaintiff has objected, this Court will consider the fact that Plaintiff is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

### B. Motion to Dismiss Standard

A motion to dismiss for failure to state a claim upon which relief may be granted tests the

legal sufficiency of a civil complaint. Fed. R. Civ. P. 12(b)(6). A plaintiff must allege sufficient facts, which, if proven, would entitle him to relief under a cognizable legal claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–55 (2007). A case should be dismissed if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. In applying this standard, a court must utilize a two-pronged approach. First, it must separate the legal conclusions in the complaint from the factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Second, assuming the truth of only the factual allegations, the court must determine whether the plaintiff's complaint permits a reasonable inference that "the defendant is liable for the misconduct alleged." *Id.* Well-pleaded factual allegations are required; labels, conclusions, and a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) ("Bare legal conclusions 'are not entitled to the assumption of truth' and are insufficient to state a claim." (quoting *Iqbal*, 556 U.S. at 679)). A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," thereby "nudg[ing] [the] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570.

### III.   DISCUSSION

Plaintiff asserts a litany of objections to the PF&R. (*See* ECF Nos. 24, 38.) The objections are verbose, overlapping, and at times difficult to comprehend. Some objections are thus consolidated for clarity. Each are addressed below.

### A. Pleading Standard

Plaintiff first objects that the *Twombly-Iqbal* pleading standard was misapplied. Specially, he argues that Magistrate Judge Eifert "did not accept the factual pleadings as true, cast allegations in the light most favorable to Plaintiff, or draw all reasonable inferences in Plaintiff's favor." (ECF No. 24 at 1.) He believes that these failures resulted in "only the most direct, concrete claims . . . remain[ing]." (*Id.*)

Plaintiff is wrong. His Amended Complaint contains no factual allegations that support his claims; all he pled were legal conclusions, which "are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Looking beyond his "naked assertion[s]" that the Defendants unlawfully harmed him, Plaintiff has failed to plead some "factual matter" "that [would] allow[] the [C]ourt to draw the reasonable inference that the [D]efendant[s] [are] liable for the misconduct alleged." *Id.* at 678. He relies exclusively on conclusory statements and far-fetched allegations, supported with his own theories and conjecture. (*See, e.g.*, ECF No 24 at 2 (suggesting that "[t]he simple fact that Plaintiff is the victim of at least six malicious prosecutions and a dozen phony charges in a row" shows some sort of wrongdoing.). Looking past these conclusory statements, there is no factual content from which the Court can infer that the Defendants have acted unlawfully.[1] The Court thus **OVERRULES** Plaintiff's objection to this portion of the PF&R.

### B. Fragmenting Claims

Plaintiff next objects that the PF&R is "deeply flawed because [it] fragments [his] claims." (ECF No. 24 at 2.) He further contends that "[c]ircumstantial evidence is only compelling in the

---

[1] Plaintiff also objects that Magistrate Judge Eifert improperly weighed evidence and made credibility determinations. (ECF No. 24 at 1.) Simply put, there is no evidence to be weighed. To the extent that Plaintiff believes it was improper to cast aside his conclusory statements when determining whether he had stated a claim for relief, his objection is **OVRRULED**. *Iqbal*, 556 U.S. at 679.

4

accumulative" and, when viewed as a whole, "[t]here is sufficient evidence" to support his claims. (*Id.*)

Fragmented or not, Plaintiff has not stated a claim for relief. His Amended Complaint does nothing more than list a slew of conclusory statements that, when cobbled together, he believes state a claim. Not so. As noted above, Plaintiff must plead *some facts*—not brazen assertions—that "nudge[] [his] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570; *see also Iqbal*, 556 U.S. at 678 (explaining that a complaint does not state a claim if it does nothing more than state "'naked assertion[s]' devoid of 'further factual enhancement.'" (alteration in original)). Even when one takes a step back and views Plaintiff's Amended Complaint as a whole, there is not a single "[f]actual allegation[] [that] raise[s] [Plaintiff's] right to relief above the speculative level." *Twombly*, 550 U.S. at 555. For that reason, the Court **OVERRULES** Plaintiff's objection.

C. *Defendant Tom Corbett*

Plaintiff next objects to Magistrate Judge Eifert's recommendation that Defendant Tom Corbett be dismissed. She recommended Defendant Corbett's dismissal because Plaintiff (1) pled no facts showing Defendant Corbett harmed Plaintiff and (2) did not establish that West Virginia has jurisdiction over Defendant Corbett. (ECF No. 18 at 29.)

Plaintiff contends this was improper because "[a] jury has strong reason to believe that [Defendant] Corbett is at the head of this snake because the retaliatory" campaign against him allegedly began with Defendant Corbett. (ECF No. 24 at 3.) In support of this, Plaintiff avers that Defendant Corbett "has the motives and deep-state contacts . . . to coordinate retaliations against Plaintiff for trying to expose" Defendant Corbett's supposed misdeeds. (*Id.*)

5

The Court agrees with Magistrate Judge Eifert for two reasons. First, Plaintiff's Amended Complaint offers no "factual content that allows the court to draw the reasonable inference that . . . [D]efendant [Corbett] is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plaintiff instead offers nothing but speculation and supposition. The law demands more. *Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013) ("It is now well established that mere conclusory and speculative allegations are not sufficient to withstand a motion to dismiss."). Second, Plaintiff has not alleged any facts that establish this Court's jurisdiction over Defendant Corbett. The Court can only exercise personal jurisdiction over a non-resident defendant when "(1) the exercise of jurisdiction [is] authorized [by] the state's long-arm statute; and (2) the exercise of jurisdiction [would] comport with the due process requirements of the Fourteenth Amendment." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th 2003). Plaintiff has pled no facts showing that either condition is satisfied.[2] The simple fact that Plaintiff suffered a supposed injury in West Virginia is insufficient to create personal jurisdiction over Defendant Corbett. *Walden v. Fiore*, 571 U.S. 277, 289–90 (2014). The Court therefore **OVERRULES** Plaintiff's objection to this portion of the PF&R.

D. *Other Governmental Defendants*

Plaintiff also objects to the PF&R's recommended dismissal of Defendants Wendy Perrault, John Hare, and Michael Barron. (ECF No. 24 at 5.) Plaintiff claims that all three

---

[2] The Court notes that the PF&R analyzed the two conditions as one, believing that West Virginia's long-arm statute is coextensive with due process. (*See* ECF No. 18 at 14.) This was likely incorrect because recent opinions from the Supreme Court of Appeals of West Virginia have indicated that the two are not coextensive and should be analyzed separately. *See, e.g.*, Syl. Pt. 3, *State ex rel. Ford Motor Co. v. McGraw*, 788 S.E.2d 319 (W. Va. 2016); *see also Taylor v. Sethmar Transp., Inc.*, 2:19-cv-00770, 2021 WL 4751419, at *6 (S.D. W. Va. Oct. 12, 2021). In the end, though, this is a distinction without a difference. Plaintiff has failed to satisfy either condition, so the Court does not have jurisdiction over Defendant Corbett.

6

Defendants were actively tracking and conspiring against him. (*Id.*) The Court finds dismissal proper.

As for Defendant Perrault, Plaintiff has failed to establish that West Virginia has jurisdiction over her. Plaintiff has pled no facts to show that she "reached out beyond" Vermont and made contact with West Virginia. *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1025 (2021). He believes she engaged in some interstate conspiracy aimed at arresting him in West Virginia, but as explained above, his own speculation does not cut it. Next, Plaintiff's claims against Defendant Hare are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), because his alleged misconduct relates to a conviction that has not been overturned. Finally, Plaintiff's claims against Defendant Barron must also be dismissed. He has failed to plead any facts establishing personal jurisdiction over Defendant Barron.[3] Even if the Court did have jurisdiction, the claim would be similarly barred by *Heck*. Plaintiff has thus failed to plead a viable claim against any of these Defendants under *Bivens v. Six Unknown Named Agents of the Bureau of Narcotics*, 403 U.S. 388 (1971), and these objections are **OVERRULED**.

E. *Nongovernmental Defendants*

Plaintiff next objects to the PF&R's recommendation that his claims against Defendants Christopher Mahoney, Tammy Summerfield, Kimberly Butcher, David Parker, and Roseanna Bell be dismissed. (ECF No. 24 at 6–7.) He claims that whether these private, nongovernmental Defendants were "coerced" into being state actors "is all semantics." (*Id.*)

---

[3] In his "Nunc Pro Tunc Supplemental Memorandum of Law in Support" of his objections, Plaintiff presses a different theory of jurisdiction. (ECF No 38.) There, he argues that if one member of the conspiracy is subject to jurisdiction in West Virginia, all conspiracy members are. (*Id.*) However, this ignores the fact that Plaintiff has failed to adequately plead a conspiracy. When the root is cut, the branches fall—he cannot rely on a conspiracy-jurisdiction theory without properly alleging an underlying conspiracy.

7

"[A] claim under 42 U.S.C. § 1983 requires that the defendant be fairly said to be a state actor." *DeBauche v. Trani*, 191 F.3d 499, 506 (4th Cir. 1999). Conduct by private parties is not "state action unless the state has so dominated such activity as to convert it into state action." *Id.* at 507 (internal quotation marks omitted) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)). This occurs

> (1) when the state has coerced the private actor to commit an act that would be unconstitutional if done by the state; (2) when the state has sought to evade a clear constitutional duty through delegation to a private actor; (3) when the state has delegated a traditionally and exclusively public function to a private actor; or (4) when the state has committed an unconstitutional act in the course of enforcing a right of a private citizen.

*Andrews v. Fed. Home Loan Bank of Atlanta*, 998 F.2d 214, 217 (4th Cir. 1993).

Plaintiff here claims that the nongovernmental Defendants were coerced into becoming state actors, but his complaint in entirely devoid of any supporting facts. True to form, he relies on his own speculation that the Elkins police were out to get him, and because of this, they must have coerced false testimony from these Defendants. (ECF No. 24 at 6–7.) Plaintiff also criticizes the PF&R for "not provid[ing] another realistic explanation for why" he was "false[ly] accus[ed]" of touching a 12-year-old girl. (*Id.* at 7.) Except it is perfectly plausible that the allegation is true, and Plaintiff is in fact a child predator. (*See* Judgment of Conviction for Failure to Update Sex Offender Registration, *United States v. Kokinda*, No. 2:21-cr-20, (N.D. W. Va. Oct. 14, 2022), ECF No. 197.) Plaintiff has no other facts from which the Court can reasonably conclude that these Defendants were coerced into giving false statements, which would convert them into state actors. As such, his objection to this portion of the PF&R is **OVERRULED**.

*F.* Monell *Liability*

Plaintiff also objects to the PF&R's recommendation that his claims against the City of Elkins and the Elkins Police Department be dismissed. (ECF No. 24 at 7–8.) He argues that his Amended Complaint presents a jury question, and he plans to bolster his claims by "conducting surveys of people arrested in Elkins as soon as practical." (*Id.* at 8.)

What Plaintiff lacks here, and law the demands, are factual allegations. His municipal liability claim is premised on *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), which requires "the allegedly unconstitutional action [complained of occur] pursuant to an 'official policy' or 'custom.'" *Starbuck v. Williamsburg James City Cnty. Sch. Bd.*, 28 F.4th 529, 532–33 (4th Cir. 2022). The Fourth Circuit has delineated four ways in which a plaintiff may establish an unconstitutional custom or policy:

> (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that "manifest[s] deliberate indifference to the rights of citizens"; or (4) through a practice that is so "persistent and widespread" as to constitute a "custom or usage with the force of law."

*Id.* at 533. Importantly, "'isolated incidents' of unconstitutional conduct by subordinate employees are not sufficient to establish a custom or practice." *Lytle v. Doyle*, 326 F.3d 463, 473 (4th Cir. 2003).

Plaintiff has not alleged a single non-conclusory, factual allegation that any of the four above-referenced means of establishing a custom or policy occurred. He seemingly recognizes this, hoping that his future plans to somehow locate and then hopefully survey other supposed Elkins arrestees will suffice. They do not. Plaintiff cannot "unlock the doors of discovery"

9

without first pleading some supporting factual content. *Iqbal*, 556 U.S. at 678–79. Thus, the Court **OVERRULES** this portion of Plaintiff's objections.

G. *Stay and Abeyance*

Lastly, Plaintiff objects to Magistrate Judge Eifert's recommended denial of his request for stay and abeyance. (ECF No. 24 at 8.) He argues this was clearly erroneous because his civil "claims are extraordinary" and that he is "handicapped in investigat[ing]" his case because of his "current wrongful incarceration." (*Id.*) He believes that "[a] stay ensures justice." (*Id.*)

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). When determining whether to grant a stay, the Court must "balance the various factors relevant to the expeditious and comprehensive disposition of the causes of action on [its] docket." *Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 375 (4th Cir. 2013) (quoting *United States v. Ga. Pac. Corp.*, 562 F.2d 294, 296 (4th Cir. 1977)). These factors include "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." *White v. Ally Fin. Inc.*, 969 F. Supp. 2d 451, 462 (S.D. W. Va. 2013). The moving party must prove—by clear and convincing evidence—that the first two factors outweigh the third. *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983).

Plaintiff has failed to carry his burden. First, judicial economy favors a quick, expeditious resolution of this case. *See In re Robbins*, 964 F.2d 342, 346 (4th Cir. 1992) (concluding that "lifting [a] stay would promote judicial economy" because "the remaining issues" could be addressed in short order.). Second, any hardship Plaintiff encounters from not staying this case

is entirely of his own making—his inability to investigate his case is because he is prison for failing to update his sex offender registration. Third, the potential prejudice a stay would impose on the remaining defendants—a federal civil rights case looming over their heads with no end in sight—is severe. Needless to say, Plaintiff has not shown that the first two factors far outweigh the third. His objection to this portion of the PF&R is thus **OVERRULED**.

### IV. CONCLUSION

For these reasons, the Court **ADOPTS** the PF&R, (ECF No. 18), **OVERRULES** Plaintiff's objections, and **REMANDS** the case to Magistrate Judge Eifert for further proceedings.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 23, 2023

THOMAS E. JOHNSTON, CHIEF JUDGE