IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MARTINSBURG DIVISION

JASON STEVEN KOKINDA,

           Plaintiff,

v.                                                   CIVIL ACTION NO.  3:21-cv-00154

COPRL. T.H. FOSTER, et al.,

           Defendants.

**MEMORANDUM OPINION AND ORDER**

      Pending before the Court is Defendant S.P. Miller's ("Defendant") motion to dismiss. (ECF No. 41.)  For the reasons more fully explained below, the motion is **GRANTED**.

                      I.      BACKGROUND

      A detailed recitation of the extensive facts in this case can be found in Magistrate Judge Eifert's Proposed Findings and Recommendations for Disposition ("PF&R") and need not be repeated here.[1]  (ECF No. 70.)  Plaintiff here levies two constitutional claims against Defendant: (1) a Fourth Amendment malicious prosecution claim, and (2) an Eighth Amendment excessive bail claim.[2]  (ECF No. 16 at 53–54, ¶¶ 232–34.)  Defendant has moved to dismiss these claims.[3]

---

[1] Pursuant to the Order entered on January 27, 2022, this matter was referred to Magistrate Judge Eifert for submission of a PF&R.  (ECF No. 10.)
[2] Both constitutional claims are brought via 42 U.S.C. § 1983.
[3] Defendant filed his motion to dismiss under Rule 12(b)(6), but because he had already filed his answer, the motion is technically one for judgment on the pleadings under Rule 12(c).  *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  This oversight has no "practical effect upon [the Court's] review," though, because the analysis is the same under either Rule.  *Id.*; *see also Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009) (explaining that Rule 12(b)(6) and Rule 12(c) motions are "assessed under the same standard").

(ECF No. 41.) Following a full round of briefing, (ECF Nos. 42, 46, 50), Magistrate Judge Eifert entered a PF&R, which recommends that this Court grant the motion and dismiss Defendant from this case. (ECF No. 70.) Plaintiff filed timely objections to the PF&R, so the matter is now before this Court for de novo review. (ECF No. 114.)

## II.    LEGAL STANDARD

### A. Review of Magistrate Judge's Findings and Recommendations

The Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a plaintiff "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

### B. Motion to Dismiss Standard

A motion to dismiss for failure to state a claim upon which relief may be granted tests the legal sufficiency of a civil complaint. Fed. R. Civ. P. 12(b)(6). A plaintiff must allege sufficient facts, which, if proven, would entitle him to relief under a cognizable legal claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–55 (2007). A case should be dismissed if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. In applying this standard, a court must utilize a two-pronged approach. First, it must

separate the legal conclusions in the complaint from the factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Second, assuming the truth of only the factual allegations, the court must determine whether the plaintiff's complaint permits a reasonable inference that "the defendant is liable for the misconduct alleged." *Id.* Well-pleaded factual allegations are required; labels, conclusions, and a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) ("Bare legal conclusions 'are not entitled to the assumption of truth' and are insufficient to state a claim." (quoting *Iqbal*, 556 U.S. at 679)). A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," thereby "nudg[ing] [the] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570.

### III.   DISCUSSION

Plaintiff lodges four objections to the PF&R. Though his objections are verbose, overlapping, and at times difficult to understand, the Court addresses each in turn.

A. Procedural Defects

Plaintiff's first objection raises two related points. First, he claims the Magistrate Judge improperly litigated on Defendant's behalf by raising "novel" defenses that Defendant did not argue. (ECF No. 114-1 at 2–3.) Second, he contends that the Magistrate Judge improperly converted the motion to dismiss into one for summary judgment by considering facts outside the four corners of the complaint "under the guise of 'taking judicial notice.'" (*Id.* at 3–6.)

1.

The Court can easily dispense with Plaintiff's first point that the Magistrate Judge exceeded her judicial authority by recommending that this Court dismiss Plaintiff's Fourth Amendment

3

claim *sua sponte*. As the Fourth Circuit has recognized, courts have the "authority to *sua sponte* dismiss inadequate complaints," so long as "the procedure employed is fair to the parties." *Robertson v. Anderson Mill Elementary Sch.*, 989 F.3d 282, 291 (4th Cir. 2021) (quoting 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (3d ed. Oct. 2020 update). Fair procedure requires nothing more than notice of the potential dismissal and an opportunity to respond. *Id.* So where, as here, the matter is referred to a Magistrate Judge for a recommended disposition, the Magistrate Judge can, consistent with *Robertson*, recommend *sua sponte* dismissal because the plaintiff will have an opportunity to object and thus respond. *See, e.g.*, *Buchanan v. JumpStart S.C.*, No. 1:21-cv-00385, 2022 WL 443299, at *5 n.6 (D.S.C. Feb. 14, 2022) (finding that a plaintiff had "notice and [an] opportunity to respond in the form of [an] objection" where the Magistrate Judge recommended *sua sponte* dismissal). Because the Magistrate Judge did nothing more than recommend this Court dismiss the amended complaint, and Plaintiff had an opportunity to object, this portion of Plaintiff's first objection is **OVERRULED**.

2.

Plaintiff's second point warrants a more detailed discussion. He argues that the Magistrate Judge erred in taking judicial notice of certain court documents—and the allegations contained therein—from his state case. (ECF No. 114-1 at 3–6.) This, he says, improperly converted the motion to dismiss into one for summary judgment. (*Id.*)

Federal Rule of Evidence 201(b) allows courts to take judicial notice of indisputable facts. As relevant here, a fact is indisputable if it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."[4]   Fed. R. Evid. 201(b)(2).

"[T]he most frequent use of judicial notice . . . is in noticing the content of court records." *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989).   This includes filings in state court criminal cases, such as indictments, guilty pleas, and convictions.   *Corbitt v. Balt. City Police Dep't*, --- F. Supp. 3d ----, No. 20-3431, 2023 WL 3793997, at *5 (D. Md. June 2, 2023); *United States v. Daley*, 378 F. Supp. 3d 539, 547 (W.D. Va. 2019); *United States v. Schley-Cole*, No. 3:13-cr-11-2, 2013 WL 6073550, at *2 (N.D. W. Va. Nov. 18, 2013).   Although courts may judicially notice state court filings, courts cannot judicially notice "any specific factual finding, legal reasoning, or legal conclusion" contained in those filings.   *Corbett*, 2023 WL 3793997, at *6; *see also Sher v. Luxury Mortg. Corp.*, No. 11-3656, 2012 WL 5869303, at *7 (D. Md. Nov. 19, 2012) ("[C]ourts routinely take judicial notice of documents filed in other courts, . . . not for the truth of the matters asserted . . . , but rather to establish the fact of such litigation and related filings." (second and third alterations in original) (quoting *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991))); *see also Rogers v. Deane*, 594 F. App'x 768, 770–71 (4th Cir. 2014) (per curiam) ("Although [a] filing . . . reprimanding [a party] is indisputable, the factual findings contained therein are not.").   This is so, the Fourth Circuit has explained, because "[f]acts adjudicated" via litigation "do not meet . . . [the] test of indisputability contained in Rule 201(b)." *United States v. Zayyad*, 741 F.3d 452, 464 (4th Cir. 2014) (first alteration in original) (quoting *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998)).

---

[4] A fact can also be indisputable if it "is generally known within the trial court's territorial jurisdiction."   Fed. R. Evid. 201(b)(1).

Plaintiff is thus correct that the Magistrate Judge erred in taking judicial notice of the allegations contained in the criminal complaint. In making her recommendation to this Court, the Magistrate Judge examined the criminal complaint, took the allegations contained therein as true, and used those allegations in finding that probable cause existed. (ECF No. 70 at 21–23.) This was improper because, in doing so, the Magistrate Judge assumed several hotly contested allegations were indisputably true. If courts cannot judicially notice "[f]acts [that were] adjudicated in a prior case," *Zayyad*, 741 F.3d at 464, then courts certainly cannot judicially notice unadjudicated allegations that were never proven true.[5] *Cf. Aegis Bus. Credit, LLC v. Brigade Holdings, Inc.*, No. 8:21-cv-00668, 2023 WL 5352407, at *5 (D. Md. Aug. 18, 2023) (refusing to take notice of unadjudicated arguments in another case).

That said, the Magistrate Judge was correct in taking judicial notice of the arrest warrant having been issued for Plaintiff. Courts in this Circuit routinely take judicial notice of the fact that a document was filed in another case. *See, e.g.*, *United States v. Kane*, 434 F. App'x 175, 176–77 (4th Cir. 2011) (per curiam) (taking judicial notice of an indictment); *Coil*, 887 F.2d at 1239–40 (taking judicial notice of guilty pleas); *United States v. Deas*, No. 8:05-524, 2009 WL 799653, at *2 (D.S.C. Mar. 23, 2009) (taking judicial notice of a criminal conviction). The Court sees no reason, nor does Plaintiff offer one, why the Court cannot take judicial notice of the fact

---

[5] Plaintiff also argues, albeit briefly, that the Magistrate Judge erred in finding that the documents he attached to his response brief were incorporated by reference into his complaint and thus fair game for the Rule 12(b)(6) analysis. (*See* ECF No. 114 at 1.) The Court agrees. None of the documents Plaintiff provided in his response were so "integral to the complaint" as to become incorporated by reference. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016). However, this error is harmless because, as will be seen below, Plaintiff's amended complaint—standing on its own—fails to allege that Defendant was a proximate cause of his state court prosecution. Since Plaintiff's amended complaint fails to allege this necessary element of his malicious prosecution claim, it is of no consequence that the Magistrate Judge incorrectly considered extraneous documents when ruling on the motion to dismiss.

that an arrest warrant was issued for Plaintiff. For these reasons, the remaining portion of Plaintiff's first objection is **SUSTAINED** in part and **OVERRULED** in part.

To briefly summarize this discussion, the Court cannot consider those facts contained in the criminal complaint without converting Defendant's motion to dismiss into one for summary judgment.[6] So the Court will refrain from doing so. However, the Court can consider, consistent with Fourth Circuit precedent, the fact that an arrest warrant had been issued for Plaintiff without converting this into a motion for summary judgment.

B. Malicious Prosecution

In his second objection, Plaintiff asks this Court to hold that the Magistrate Judge erred in finding that Plaintiff failed to state a Fourth Amendment claim for malicious prosecution. (ECF No. 114-1 at 6–10.)

1.

"A malicious prosecution claim under § 1983 is properly understood as a Fourth Amendment claim for unreasonable seizure which incorporates certain elements of the common law tort." *Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012) (internal quotation marks omitted) (quoting *Lambert v. Williams*, 223 F.3d 257, 261 (4th Cir. 2000)). In the Fourth Circuit, plaintiffs bringing this claim must prove three elements: "the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor." *Id.* (citing *Durham v. Horner*, 690 F.3d 183, 188 (4th Cir. 2012)).

---

[6] As will be seen below, although the Magistrate Judge erred in considering the facts found in the criminal complaint, that error was harmless because the state court judge's independent decision to issue an arrest warrant—without any improper influence by Defendant—forecloses Plaintiff's malicious prosecution claim against Defendant.

7

The plaintiff need not show any affirmative indication of actual innocence; it is enough that the criminal proceedings ended without a conviction. *Thompson v. Clark*, 596 U.S. 36, 39 (2022).

A Fourth Amendment malicious prosecution claim, much like its common law analogue, "require[s] a [showing] of both but-for and proximate causation." *Evans*, 703 F.3d at 647. As a result, a "subsequent act[] of [an] independent decision-maker[]"—for instance, a judge deciding to issue an arrest warrant—"constitute[s] [an] intervening superseding cause[] that break[s] the causal chain between a defendant-officer's misconduct and a plaintiff's unlawful seizure." *Id.*; *see also Snider v. Seung Lee*, 584 F.3d 193, 206 (4th Cir. 2009) (Stamp, J., concurring) ("A law enforcement officer . . . is insulated from a malicious prosecution claim where [an] intermediary makes an independent decision to pursue prosecution or issue a warrant, thereby breaking the causal chain between the officer's conduct and the prosecution."). When that happens, the judge's "intervening act . . . insulate[s] a police officer from liability." *Evans*, 703 F.3d at 647 (internal quotation marks omitted) (quoting *Zahrey v. Coffey*, 221 F.3d 342, 351 (2d Cir. 2000)).

There is, however, a narrow exception. An officer is not insulated from liability when they act pursuant to an arrest warrant obtained by their own misleading or dishonest statements. *Miller v. Prince George's County*, 475 F.3d 621, 627 (4th Cir. 2007). Plaintiffs may establish this through one of two ways. First, they can show that the officer "deliberately or with a reckless disregard for the truth made material[ly] false statements in [the warrant] affidavit." *Id.* (internal quotation marks omitted). Second, and alternatively, they may show that the officer "omitted from that affidavit material facts with the intent to make, or with reckless disregard of whether they thereby made, the affidavit misleading." *Id.* (internal quotation marks omitted) (quoting *United States v. Colkey*, 899 F.2 297, 300 (4th Cir. 1990)).

8

The test for reckless disregard is well-established. "Reckless disregard" can be proven with "evidence that an officer acted 'with a high degree of awareness of [a statement's] probable falsity.'" *Id.* (alteration in original) (quoting *Wilson v. Russo*, 212 F.3d 781, 788 (3d Cir. 2000)). In other words, 'when viewing all the evidence, the [officer] must have entertained serious doubts as to the truth of his statements or had obvious reasons to doubt the accuracy of the information he reported.'" *Id.* As for omissions, "'reckless disregard' can be established by evidence that a police officer 'failed to inform the judicial officer of facts [he] knew would negate probable cause.'" *Id.* (alteration in original.) Importantly, though, "[a] plaintiff's 'allegations of negligence or innocent mistake' by a police officer will not provide a basis for a constitutional violation." *Id.* at 627–28 (emphasis omitted) (quoting *Franks v. Delaware*, 438 U.S. 154, 171 (1978)).

Not all lies or omissions matter. That is, the false statements or omissions must be material, *i.e.*, "necessary to the [neutral and disinterested magistrate's] finding of probable cause." *Id.* (alteration in original) (quoting *Franks*, 438 U.S. at 155–56). Courts determining materiality "must 'excise the offending inaccuracies and insert the facts recklessly omitted, and then determine whether . . . the "corrected" warrant affidavit would establish probable cause.'" *Id.* (quoting *Wilson*, 212 F.3d at 789). If it does, the officer remains insulated from liability. *Id.*

Probable cause exists when "the facts available would . . . warrant a [person] of reasonable caution in the belief that the suspect has committed a crime." *Florida v. Harris*, 568 U.S. 237, 243 (2013) (internal quotation marks omitted) (second alteration in original) (quoting *Texas v. Brown*, 460 U.S. 730, 742 (1983) (plurality opinion)). Probable cause does not, however, require proof beyond a reasonable doubt or even by a preponderance of the evidence. *Illinois v. Gates*,

9

462 U.S. 213, 235 (1983).   So long as there is a "fair probability" that the defendant has committed a crime, probable cause exists.   *Harris*, 568 U.S. at 244 ("All [the Supreme Court] ha[s] required is the kind of 'fair probability' on which 'reasonable and prudent [people,] not legal technicians, act.'" (quoting *Gates*, 462 U.S. 238)); *see also Porterfield v. Lott*, 156 F.3d 563, 569 (4th Cir. 1998) ("Probable cause requires more than 'bare suspicion' but requires less than evidence necessary to convict.").

2.

The Magistrate Judge recommended that the Court dismiss Plaintiff's claim against Defendant because Defendant arrested Plaintiff pursuant to a facially valid arrest warrant.  (ECF No. 70 at 19–24.)   Plaintiff, however, claims this was in error.   He says that Defendant is still liable for malicious prosecution under the Fourth Amendment because the charges Defendant filed were filed "misleading" and "malicious."   (ECF No. 16 at 3, 48; ECF No. 114-1 at 6–10.)

Such conclusory statements cannot save his claim.   *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").   Indeed, Plaintiff's amended complaint, as it relates to Defendant, is entirely barren of any factual allegations supporting Plaintiff's claim.   *Id.* at 576 (holding that a claim "must be supported by factual allegations").   He does not dispute that Defendant acted pursuant to a facially valid arrest warrant issued by a neutral and detached magistrate, so the only way to state a claim against Defendant here is to allege that Defendant submitted a materially misleading warrant affidavit.   *Miller*, 475 F.3d at 627.   Plaintiff has not done so.

Plaintiff says he has done so.   However, he relies on two factual allegations contained in his objections, neither of which are in his complaint.  (ECF No. 114-1 at 6–10.)   The Court thus

cannot consider either allegation because "[a] plaintiff 'is bound by the allegations contained in [his] complaint and cannot, through the use of . . . briefs, amend the complaint.'" *McDonald v. LG Elects. USA, Inc.*, 219 F. Supp. 3d 533, 541 (D. Md. 2016) (quoting *Zachair, Ltd. v. Driggs*, 965 F. Supp. 741, 748 (D. Md. 1997), *aff'd*, 141 F.3d 1162 (4th Cir. 1998)). Plaintiff's amended complaint thus fails in identifying any material misstatements or omissions in Defendant's warrant affidavit. Defendant is therefore insulated from a Fourth Amendment malicious prosecution claim, and Plaintiff has failed to state a claim. Plaintiff's second objection is **OVERRULED**.

C. Timing Issue

Plaintiff's third objection is puzzling. He seemingly objects to his claims against Defendant being dismissed because the "PF&R was filed post-scheduling order." (ECF No. 114-1 at 10.) Because of this, Plaintiff argues that he should be allowed to amend his claims instead of having them dismissed. (*Id.*) This is not really an objection, then, but instead extra briefing on Plaintiff's separately filed motion to amend. (*See* ECF No. 107.) The Court thus **OVERRULES** this objection, as it does not point the Court to any defect or error in the PF&R.

D. Excessive Bail

In his fourth and final objection, Plaintiff says the Magistrate Judge erred in finding that he had not stated a claim against Defendant for violating the Eighth Amendment's Excessive Bail Clause. (ECF No. 114-1 at 11–12.)

The Eighth Amendment prohibits courts from imposing excessive bail. U.S. Const. amend. VIII. That said, there is no constitutional right to bail. *Salau v. Francis*, No. 5:14-cv-24978, 2015 WL 222336, at *4 n.2 (S.D. W. Va. Jan. 14, 2015) (collecting cases). West Virginia, by statute, however, guarantees bail for defendants charged with "offense[s] not punishable by life

11

imprisonment." W. Va. Code § 62-1C-1(a). The amount of bail set is determined by West Virginia's judges—not the State Police. *See id.* As a result, Defendant cannot be held liable for an excessive bond unless he somehow usurped the state court judge's authority and unduly influenced the bond-setting decision. *Rogers v. Harnett County*, No. 5:22-cv-00208, 2022 WL 18779920, at *7 (E.D.N.C. Dec. 20, 2022).

Plaintiff has not alleged that Defendant usurped the state court judge's authority and set the bail himself. Implicitly conceding the point, Plaintiff instead argues that Defendant can still be liable because he is "responsible for the natural consequences of [his] actions." (ECF No. 114-1 at 11.) This argument misses the mark, though, because "[t]he law looks to causation in fact, not to the arrangement of links in some purely decorative daisy chain." *Wagenmann v. Adams*, 829 F.2d 196, 211 (1st Cir. 1987). Plaintiff's claim rests upon a purely speculative daisy chain and lacks any factual underpinning alleging that Defendant played any role in setting Plaintiff's bail. The Court thus **OVERRULES** his fourth and final objection.

### IV.    CONCLUSION

For the foregoing reasons, Plaintiff's objections are **SUSTAINED IN PART** and **DENIED IN PART**, and Defendant's motion to dismiss is **GRANTED**.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

12

ENTER: February 21, 2024

_____
THOMAS E. JOHNSTON, CHIEF JUDGE