## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

### MARTINSBURG DIVISION

**JASON STEVEN KOKINDA,**

**Plaintiff,**

**v.**                                        **Case No.: 3:21-cv-00154**

**CORPRL. T.H. FOSTER;**
**PTLM. BOATWRIGHT,**

**Defendants.**

### PROPOSED FINDINGS AND RECOMMENDATIONS

Pending are Plaintiff's Motion to Amend the Complaint, (ECF No. 107); Plaintiff's Motion for Leave to File Excess Pages, (ECF No. 108); and Defendants' Motion for Leave to File Response to Supplemental Memorandum of Law and Exhibits in Support of Second Amended Complaint, (ECF No. 115). Defendants filed responses in opposition to the Motion for Leave to File Amended Complaint, (ECF Nos. 109, 110), and Plaintiff replied. (ECF No. 111). Accordingly, that issue is fully briefed and oral argument would not assist in resolving the Motion to Amend.

The court **GRANTS**, in part, and **DENIES**, in part, the Motion for Leave to File Excess Pages. (ECF No. 108). The court grants the motion to allow the entire proposed second amended complaint to be considered, (ECF No. 107-2), but denies the motion as to the memorandum of law in support of the second amended complaint, (ECF No. 107-3). Pursuant to LR Civ P 7.02, Plaintiff is permitted **one** twenty-five page memorandum in support of the motion he has filed—which is a Motion to Amend—and Plaintiff has

1

submitted that memorandum. (ECF No. 107-1). The memorandum in support of the proposed second amended complaint, (ECF No. 107-3), is sixty-eight pages long and is superfluous. Pleadings simply are not accompanied by lengthy memoranda explaining the validity and importance of the pleading. In this case, a superficial review of the memorandum suggests that it is nothing more than a re-hashing of prior arguments made by Plaintiff in support of his "epic" conspiracy theory. Moreover, more than a month after filing the Motion to Amend and proposed second amended complaint, and without leave of court, Plaintiff filed yet another memorandum in support of his second amended complaint. (ECF No. 113). That supplemental memorandum is only six pages long, but includes more than 90 pages of exhibits. (*Id.*). Plaintiff is not entitled to file multiple memoranda either directly or indirectly in support of the same Motion for Leave to Amend, *see* LR 7.02; his briefing is excessive and burdensome to both the court and the defendants. Therefore, the undersigned has not considered the memorandum in support of the second amended complaint, (ECF No. 107-3), or the supplemental memorandum, (ECF No. 113), in preparing these Proposed Findings and Recommendations ("PF&R"). Given that the undersigned is not considering the gratuitous briefing offered by Plaintiff, the Court **DENIES** the Motion for Leave to File Response, (ECF No. 115).

This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and is referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the following reasons, the undersigned respectfully **PROPOSES** that the presiding District Judge accept and adopt the findings herein and **RECOMMENDS** that the Motion to Amend the Complaint, (ECF No. 107), be **DENIED**.

## I.   <u>Relevant Facts—Criminal Cases</u>

A detailed recitation of the facts in this case is unnecessary, as they have been fully discussed in the undersigned's prior two PF&Rs. (ECF Nos. 18, 70). Of particular importance to this PF&R, Plaintiff Jason Kokinda ("Kokinda"), a convicted sex offender and child pornographer, *see United States v. Kokinda,* No. 2:21-cr-00020-TSK-MJA (N.D.W. Va. Sept. 8, 2021), ECF No. 184 at 10-11, was arrested by police officers from the City of Elkins, West Virginia in the Fall of 2019 and charged in state court with one count of refusing to sign a fingerprint card; two counts of obstructing an officer, fleeing from an officer, or making false statements to an officer; one count of third degree sexual abuse; and three counts of failing to register as a sex offender. (ECF No. 16 at 20, 27). In December 2019, Kokinda was charged in this federal court with a failure to update sex offender registration in violation of the Sex Offender Registration and Notification Act (SORNA). *United States v. Kokinda,* No. 2:19-cr-00033-TSK-MJA (N.D.W. Va. Dec. 17, 2019), ECF No. 1. West Virginia then dismissed its charges in favor of federal prosecution.

In February 2021, a superseding indictment in the federal SORNA case added one count of possession of child pornography. *Kokinda,* No. 2:19-cr-00033-TSK-MJA, ECF No. 200. The charges were later separated into two indictments. On October 21, 2021, a jury convicted Kokinda of failure to update sex offender registration. *United States v. Kokinda,* No. 2:21-cr-00020-TSK-MJA , ECF No. 62. At that point, the United States dismissed the child pornography charge in order to use evidence related to the charge to enhance Kokinda's sentence on the SORNA conviction. *Id.,* ECF No. 139. Kokinda was ultimately sentenced to 63 months of imprisonment followed by lifetime supervised release. *Id.,* ECF No. 188. Kokinda appealed his conviction and sentence to the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit"), which affirmed the

district court's judgment on February 21, 2024. *Kokinda,* No. 2:21-cr-00020-TSK-MJA*,* ECF No. 256. Kokinda petitioned for a writ of certiorari in the Supreme Court of the United States, but the writ was denied. *Id.,* ECF Nos. 260, 265.

## II.   <u>Procedural History</u>

Kokinda filed a complaint in the instant action on September 23, 2021. (ECF No. 1). On February 16, 2022, the undersigned ordered Kokinda to amend his complaint to correct certain defects in the pleading. (ECF No. 12). Kokinda filed an amended complaint on March 17, 2022, naming thirty-two defendants and alleging a variety of claims. (ECF No. 16). Upon initial screening of the amended complaint, the undersigned recommended that the presiding District Judge dismiss from the action the following individuals ("first PF&R"): Patrolman K.A. Shiflett; Billy Butcher; DUSM Michael Barron; S.I. John Hare; Andy Balint; Nikki Doe; Mark Hornak; Cynthia Reed Eddy; Michael Aloi; Thomas Kleeh; Jan E. DuBois; Leckta Poling; Jane Doe #1; Michael Parker; Bill Powell; Stephen Warner; Sarah Wagner; Brandon Flower; Josh Shapiro; William Stoycos; Tom Corbett; Christopher Mahoney; Tammy Summerfield; Kimberly Butcher; David Parker; Roseanna Bell; City of Elkins, West Virginia; Elkins Police Department; and Wendy Perreault. (ECF No. 18). The three remaining defendants—Patrolman Boatwright, Corporal T.H. Foster, and Corporal S.P. Miller—were served with summonses and copies of the amended complaint. (ECF Nos. 19, 25-27). These defendants answered the amended complaint, (ECF Nos. 29, 39, 40), and Defendant Miller subsequently filed a Motion to Dismiss. (ECF No. 41). A Scheduling Order was entered on November 9, 2022, allowing the parties until April 28, 2023 to complete discovery. (ECF No. 54). The Scheduling Order was amended at Kokinda's request, extending the discovery deadline to May 31, 2023. (ECF No. 64).

On February 15, 2023, the undersigned issued a PF&R recommending that Defendant Miller's Motion to Dismiss be granted, and that he be removed as a defendant in the case ("second PF&R"). (ECF No. 70). Thereafter, Kokinda filed two additional motions to amend the Scheduling Order, (ECF No. 78, 80), which were denied on March 28, 2023 for lack of good cause, with the exception that Kokinda was given extra time to file written discovery requests. (ECF No. 86). In the Order denying the motions, the undersigned pointed out that, during the discovery period, Kokinda had filed numerous motions, a memorandum, and a letter to the court; consequently, he had been given sufficient time to complete discovery. Moreover, the motions were premature because two months remained for him to conduct discovery. (ECF No. 86). Lastly, the undersigned rejected Kokinda's claim that he needed his federal criminal case file in order to engage in discovery, as he had made it crystal clear in prior filings that his amended complaint against the three remaining defendants involved **only** the dismissed state charges. (*Id.*). Kokinda's fourth motion to amend the Scheduling Order was likewise denied. (ECF Nos. 88, 90).

On March 23, 2023, the presiding District Judge entered a Memorandum Opinion and Order overruling objections Kokinda had lodged to the first PF&R, adopting the PF&R, and dismissing the following defendants: Patrolman K.A. Shiflett; Billy Butcher; DUSM Michael Barron; S.I. John Hare; Andy Balint; Nikki Doe; Mark Hornak; Cynthia Reed Eddy; Michael Aloi; Thomas Kleeh; Jan E. DuBois; Leckta Poling; Jane Doe #1; Michael Parker; Bill Powell; Stephen Warner; Sarah Wagner; Brandon Flower; Josh Shapiro; William Stoycos; Tom Corbett; Christopher Mahoney; Tammy Summerfield; Kimberly Butcher; David Parker; Roseanna Bell; City of Elkins, West Virginia; Elkins Police Department; and Wendy Perreault. (ECF No. 83). On September 5, 2023, more

than six months after the dismissal of all but three of the defendants, Kokinda filed the instant Motion to Amend the Complaint and proposed second amended complaint. (ECF No. 107, 107-2). Prior to Kokinda filing the Motion to Amend the Complaint, the case had been stayed at Kokinda's request, and the stay was still in place. (ECF No. 103). Kokinda sought a stay on the grounds that he was currently incarcerated and lacked access to his criminal case file. (*Id*. at 1). Kokinda argued that he could not file objections to the undersigned's second PF&R, which pertained solely to Corporal Miller of the West Virginia State Police, without access to his federal criminal file. (ECF No. 99). The stay was lifted on October 11, 2023. (ECF No. 112). On February 21, 2024, after considering Kokinda's objections to the second PF&R, the presiding District Judge partially sustained one objection, overruled the remaining objections, and dismissed Defendant Miller from the case. (ECF No. 116). That left two defendants—Patrolman Boatwright and Corporal Foster, both employed by the Elkins Police Department.

The undersigned emphasizes that Kokinda represented to the court that his claims against the Elkins police officers were based on the dismissed ***state*** charges. However, Kokinda continues to rely upon the unavailability of paperwork from his ***federal*** case to obtain continuances and stays. (*See e.g*. ECF No. 111). Despite that, Kokinda was able to file the Motion for Leave to Amend his complaint during the stay and before he had received the entire federal case file. It is also important to point out that Kokinda unsuccessfully appealed his federal conviction and sentence; therefore, that judgment is final and is not subject to collateral attack in a lawsuit filed under § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 486 (1994) ("We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove

the unlawfulness of his conviction or confinement, just as it has always applied to actions for malicious prosecution.").

III.   **Proposed Second Amended Complaint**

In the proposed second amended complaint, Kokinda names forty-three defendants, including thirty defendants previously dismissed from this case. (ECF No. 107-2). The only defendant dismissed in the first PF&R not named in the proposed second amended complaint is the City of Elkins, West Virginia. Kokinda seeks to add the United States of America and the Granville Police Department as defendants, as well as Koch Industries, Inc.; Henry Doe (U.S. Marshal); Jane Doe (assistant in the Randolph County Magistrate Court); five defendants affiliated with Tygart Valley Regional Jail; Lt. Gary Weaver of the Bridgeport Police Department; and Craig Corkrean,[1] a forensic expert with the Granville Police Department. Kokinda continues to assert claims against Defendants Boatwright and Foster. (*Id.*).

The proposed second amended complaint includes four claims. For his first claim, Kokinda states that he "is being targeted in an epic chain of retaliatory prosecutions as a consequence of filing litigation in Pennsylvania." (*Id.* at 17). He adds that "the retaliatory prosecutions inherently involve a number of collateral theories regarding specific liability for his injuries" but does not identify the nature of the "collateral theories." (*Id.*). Kokinda believes that the U.S. Marshals in Pittsburgh coordinated with multiple jurisdictions, including West Virginia, to file "retaliatory charges lacking probable cause" because Kokinda filed litigation in Pennsylvania challenging his "wrongful conviction" there and unconstitutional prison conditions. (*Id.*).

---

[1] At various times, Kokinda misspells Corkrean's name as Korkrean.

Kokinda's second claim is one for "unconstitutional prison conditions during the duration of his wrongful imprisonment in WV." (ECF No. 107-2 at 18). He alleges that his health has suffered from poor food; he has been sexually harassed and abused; and he has been obstructed from litigating by limiting his access to legal materials. (*Id.*). For his third claim, Kokinda indicates that the United States "by proxy of its agents" contracted with Kokinda to pay him more than a million dollars per day for the "retaliatory prosecutions they conspired to effectuate against him in West Virginia since September 29, 2019." (*Id.*). He states that he is a Secured Party Creditor and has a published pricelist that provides notice to those who falsely arrest or imprison him that they will owe a million dollars per day in damages. (*Id.*). Finally, his fourth claim asserts that "registration laws are unconstitutional" as applied to Kokinda, and he is entitled to a declaratory judgment relieving him from his duty to register. (*Id.*). He asserts that the laws are being used to target him and effectuate retaliatory prosecutions. (*Id.*). Kokinda provides a lengthy "Supplemental Statement of Facts" in support of his claims. (*Id.* at 17-71).

## IV.   <u>**Standard of Review**</u>

Amendments to a complaint are governed by Federal Rule of Civil Procedure 15. Rule 15(a)(1) addresses amendments as a matter of course, allowing the plaintiff to amend the complaint within twenty-one days after serving it on the defendants, or within twenty-one days after a responsive pleading or motion to dismiss is filed under Rule 12(b),(e), or (f), whichever is earlier. F. R. Civ. P. 15(a)(1). In all other circumstances—such as the instant case—the plaintiff may only amend the complaint with the opposing party's written consent, or with leave of court. Fed. R. Civ. P. 15(a)(2). Here, no opposing party has provided written consent; therefore, an amendment to the complaint requires leave of court. Rule 15(a)(2) provides guidance to the court when considering a motion for leave

to amend the complaint, directing that the court should "freely give leave" to file an amended pleading "when justice so requires." *See also Laber v. Harvey,* 438 F.3d 404, 426 (4th Cir. 2006) ("This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities.").

Generally, leave to amend should be denied "only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986). An amendment is futile "if the proposed amended complaint fails to satisfy the requirements of the federal rules." *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008) (quoting *United States ex rel. Fowler v. Caremark RX, LLC,* 496 F.3d 730, 740 (7th Cir. 2007)) *overruled on other grounds by Glaser v. Wound Care Consultants, Inc.*, 570 F.3d 907 (7th Cir. 2009)). "In determining whether a proposed amendment is futile, a court may consider whether the proposed amendment could withstand a motion to dismiss." *Merswin v. Esper*, No. 1:20-CV-00548, 2022 WL 2103990, at *1 (E.D. Va. Apr. 6, 2022) ("A proposed amendment is futile when it is clearly insufficient, frivolous, or could not survive a Motion to Dismiss."); *also Johnson,* 785 F.2d at 510 (holding that a motion for leave to amend should be denied "when the proposed amendment is clearly insufficient or frivolous on its face.") (citing *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980)); *Jones v. N.Y. Div. of Military & Naval Affairs,* 166 F.3d 45, 55 (2d Cir. 1999) (finding that amendments subject to "immediate dismissal" for failure to state a claim are "futile" and should not be allowed).

A motion to dismiss under Fed. R. Civ. P. 12(b) tests the sufficiency of the complaint. *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007) (explaining that, to survive a 12(b)(6) motion, a complaint must contain sufficient factual matter, accepted as

true, to "state a claim to relief that is plausible on its face"). In resolving the motion, the court must assume that the facts alleged in the complaint are true and draw all reasonable inferences in favor of the nonmoving party. *Burbach Broad. Co. of Delaware v. Elkins Radio Corp.*, 278 F.3d 401, 405-06 (4th Cir. 2002). A complaint fails to state a claim when, accepting the plaintiff's well-pleaded allegations as true and viewing them in the light most favorable to the plaintiff, the complaint lacks "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A pleading that "offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do," and a complaint will not "suffice if it tenders naked assertions devoid of further factual enhancements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted).

To be clear, a motion under Rule 12(b)(6) is limited to a determination of sufficiency and is not "to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). "In applying this standard, a court must utilize a two-pronged approach." *Kokinda v. Foster*, No. 3:21-cv-00154, 2024 WL 715962, at *1 (N.D.W. Va. Feb. 21, 2024). The court first separates any legal conclusions in the complaint from the factual allegations. *Id.* Then, accepting the factual allegations as accurate, "the court must determine whether the plaintiff's complaint permits a reasonable inference that 'the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Iqbal,* 556 U.S. at 678). The court need not accept "legal conclusions drawn from the facts," and "need not accept as true unwarranted inferences, unreasonable conclusions or arguments." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000)). "Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "A plaintiff's factual allegations must be enough to raise a right to relief above the speculative level, thereby nudging the claims across the line from conceivable to plausible." *Kokinda*, 2024 WL 715962, at *1 (internal markings omitted) (quoting *Twombly*, 550 U.S. at 555, 570). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id.* at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Plaintiff submits the proposed second amended complaint *pro se*, and courts are required to liberally construe *pro se* complaints. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the complaint still must contain sufficient factual allegations to support a valid legal cause of action. *Bass v. E.I. DuPont de Nemours & Co.,* 324 F.3d 761, 765 (4th Cir. 2003). The court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), construct the plaintiff's legal arguments for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

## V.  Discussion

### A.  Previously Dismissed Defendants and Henry Doe

Having reviewed the proposed second amended complaint, the undersigned **FINDS** that it does not include any new *factual* allegations implicating the previously dismissed defendants. To the contrary, Kokinda continues to base his claims on the alleged existence of a large, multi-state conspiracy involving state law enforcement officers, United States Marshals, federal and state judges, prosecutors, United States

Attorneys, and community members all working together to subject Kokinda to retaliatory criminal prosecutions. Therefore, the motion to amend the first amended complaint should be denied as to these defendants, because the proposed amendments do not cure any of the defects or alter any of the grounds which led to the dismissal of these defendants in the first instance. Kokinda expounds on some events described in his first amended complaint and adds irrelevant details about his prior arrests and prosecutions, but generally only to speculate as to the ulterior motives of the defendants.

The allegations in the proposed second amended complaint are fanciful, outlandish, and conclusory. As such, they may be disregarded by the court; a complaint that relies on such allegations may be dismissed as factually frivolous. *Denton v. Hernandez,* 504 U.S. 25, 32–33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."); *see also McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009), *abrogated on other grounds* by *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721 (2020) ("Examples of frivolous claims include those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'"); *Andrews v. Lower, LLC*, No. 1:23CV871, 2024 WL 1349590, at *2 (M.D.N.C. Mar. 29, 2024) (finding allegations that the defendants, including a prosecutor and judge, intimidated, subjugated, extorted, and coerced the plaintiff to declare bankruptcy; that the United States was controlled by the Roman Pope; and that lawyers were in the business of taking away constitutional rights from sovereign citizens and giving their power to a foreign banking family were "bizarre and delusional," and lacked "a sufficient factual basis."); *Williams v. HMSHOST at Washington Dulles International Airport,* No. 123CV948PTGWEF, 2024 WL 1606076,

at *2 (E.D. Va. Apr. 12, 2024) (holding that claims are frivolous and subject to dismissal when they include such things as "bizarre conspiracy theories, any fantastic government manipulations of their will or mind, [or] any sort of supernatural intervention."); *Lonesome v. Moore*, No. CV SAG-23-1604, 2024 WL 1442192, at *3 (D. Md. Apr. 2, 2024) (dismissing complaint alleging a conspiracy among various Maryland state government officers, troopers, lawyers, and judges to enforce the laws of the State of Maryland against a Secured Party Creditor); *Blakney v. Brewton*, No. 620CV02915DCCKFM, 2020 WL 8366287, at *3 (D.S.C. Nov. 13, 2020), *report and recommendation adopted,* No. 6:20-CV-02915-DCC, 2021 WL 307489 (D.S.C. Jan. 29, 2021) (dismissing as frivolous a complaint containing unsubstantiated allegations describing "a mutli-state conspiracy to defame the plaintiff involving a detention center, two South Carolina state agencies, and two individuals involved in private organizations."); *Marshall v. Green,* No. 3:10CV-224-H, 2010 WL 1959514 (W.D. Ky. May 17, 2010) (claims of "bizarre conspiracy theories" related to government stalking were frivolous); *Showalter v. Johnson*, No. CIV.A.7:08CV00276, 2009 WL 3379146, at *4 (W.D. Va. Oct. 20, 2009) (rejecting an amended complaint that alleged a farfetched, complex, and wide-reaching conspiracy to harm the plaintiff).

Here, Kokinda's assertions that officials and non-government individuals in Vermont, Pennsylvania, New Jersey, and West Virginia have been conspiring to retaliate against Kokinda for filing lawsuits in Pennsylvania are wholly conclusory, as well as unbelievable. "The allegations are also so outlandish and unmoored from reality that the Court is unable to discern any potentially plausible claim under § 1983 or Bivens." *Pippinger v. Buncombe Cty. Govt. Employees,* No. 1:23-CV-00348-MR, 2024 WL 1661712, at *2 (W.D.N.C. Apr. 17, 2024); *Jacobus v. Huerta*, No. 3:12-CV-02032, 2013

WL 673233, at *6 (S.D.W. Va. Feb. 22, 2013), *report and recommendation adopted,* No. CIV.A. 3:12-02032, 2013 WL 1723631 (S.D.W. Va. Apr. 22, 2013), *aff'd,* 540 F. App'x 208 (4th Cir. 2013). With respect to Henry Doe, a United States Marshal from Pennsylvania not previously named or dismissed, Kokinda simply lumps him in with the other Pennsylvania Marshals and asserts the same unsupported conspiracy theory and retaliation claims against Doe. (ECF No. 107-2 at 34, 36, 39, 63-64). Given that Kokinda's proposed second amended complaint essentially restates the claims against these defendants previously addressed in the first PF&R, second PF&R, and two memorandum opinions and orders entered by the court, the undersigned **FINDS** that the proposed second amended complaint cannot withstand a motion to dismiss, making the amendment futile.

Furthermore, the law of the case doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *TFWS, Inc. v. Franchot,* 572 F.3d 186, 191 (4th Cir. 2009). The doctrine may be applied when considering the sufficiency of an amended complaint. *Noel v. PACCAR Fin. Corp.*, 568 F. Supp.3d 558, 567 (D. Md. 2021) (holding that law of the case doctrine could be used to evaluate the sufficiency of an amended complaint when the same pleading standards apply and the facts are largely the same as in earlier pleadings); *Weslowski v. Zugibe*, 96 F. Supp.3d 308, 316 (S.D.N.Y. 2015), *aff'd,* 626 F. App'x 20 (2d Cir. 2015) ("The mere filing of an Amended Complaint does not entitle Plaintiff to relitigate his claims absent new factual allegations. Because the Amended Complaint, as outlined above, is in large part identical to Plaintiffs' first Complaint, the law of the case doctrine counsels against reconsideration of the Court's March 31, 2014 dismissal of the first Complaint."); *Murr Plumbing, Inc. v. Scherer Bros. Fin. Servs. Co.*, 48 F.3d 1066,

1070 (8th Cir. 1995) (applying the law of the case doctrine to evaluate the sufficiency of an amended complaint when the proposed amended complaint is sufficiently similar to the existing complaint). The only exceptions to the law of the case doctrine are when "(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." *TFWS, Inc. v. Franchot,* 572 F.3d 186, 191 (4th Cir.2009) (citations omitted). "The rationale behind the doctrine is that 'a disappointed litigant should not be given a second opportunity to litigate a matter that has been fully considered by a court of coordinate jurisdiction, absent unusual circumstances.'" *Prod. Source Int'l, LLC v. Foremost Signature Ins. Co.*, 234 F. Supp. 3d 619, 624 (D.N.J. 2017) (quoting *Hayman Cash Register Co. v. Sarokin*, 669 F.2d 162, 169 (3d Cir. 1982)).

With respect to the previously dismissed defendants, this court has already assessed the plausibility of the causes of action and events alleged in the proposed second amended complaint as they are essentially the same as the causes of action and events described in the first amended complaint. The court determined that Kokinda failed to state a viable claim against the previously dismissed defendants for a variety of reasons, including that Kokinda's conspiracy claim was founded on speculation and entirely lacking in factual support. Therefore, giving Kokinda a second opportunity to assert the same unsupported claims is futile. None of the exceptions to the law of the case doctrine apply. Accordingly, the undersigned adopts and incorporates the first PF&R and two memorandum opinions and orders entered by the Court and **FINDS** that the law of the case doctrine precludes Kokinda's proposed second amended complaint.

### B.  United States of America

Kokinda attempts to join the United States of America as a defendant, stating that it "acted as an individual conspiring with state actors under color of state law to effectuate retaliatory prosecutions, inter alia, against Mr. Kokinda through the proxy of its agents." (ECF No. 107-2 at 2). A malicious prosecution claim "is properly understood as a Fourth Amendment claim for unreasonable seizure which incorporates certain elements of the common law tort." *Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012). When such a claim is asserted against a federal official, it constitutes a claim pursuant to *Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). However, the remedy under *Bivens* is limited to federal officials individually; it does not extend to the federal government. *Randall v. United States*, 95 F.3d 339, 345 (4th Cir. 1996). As *Bivens* did not abolish the sovereign immunity enjoyed by the United States of America, the undersigned **FINDS** that Kokinda cannot sue the United States pursuant to *Bivens* for alleged constitutional violations.

To the extent Kokinda seeks to sue the United States under the Federal Tort Claims Act (FTCA), he is required to exhaust his administrative remedies first, which is done by presenting the claim to the correct agency through a completed SF-95 form and a claim for money damages. 28 C.F.R § 14.2(a). District courts have limited subject matter jurisdiction, and the FTCA's exhaustion requirement is jurisdictional. *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986). Put simply, if Kokinda has not presented the SF-95 and claim for money damages to the appropriate agency, this court is prohibited from considering his claim against the United States. "Subject matter jurisdiction cannot be forfeited or waived, and can be raised by a party, or by the court sua sponte, at any time prior to final judgment." *In re Kirkland*, 600 F.3d 310, 314 (4th Cir. 2010).

In all of the hundreds of pages submitted by Kokinda in this case, he has never once claimed, nor demonstrated, that he exhausted his remedies under the FTCA. To the contrary, in the body of the proposed second amended complaint, Kokinda marks "N/A" to all questions regarding exhaustion of administrative remedies. (ECF 107-2 at 16). Accordingly, the undersigned **FINDS** that Kokinda cannot state a *Bivens* claim against the United States and has not satisfied the exhaustion requirement under the FTCA, rendering his proposed second amended complaint against the United States futile.

### C. Granville Police Department; Chief Craig Corkrean

Granville Police Department's Chief of Police, Joseph Craig Corkrean, was involved in obtaining images used to charge Kokinda in federal court with possession of child pornography. Corkrean's testimony and the images were also used at Kokinda's sentencing hearing in his SORNA case. Kokinda summarizes his complaint against the Granville Police Department as follows: "The Granville Police Dep't was a but-for proximate cause of Mr. Kokinda's false arrest and wrongful imprisonment because it maintained a policy or custom of violating forensic evidence rights and failed to properly train and supervise its employees." (ECF No. 107-2 at 2). With respect to Corkrean, Kokinda alleges that "[a] jury can reasonably infer that Craig Corkrean conspired with Brandon Flower and his cohorts in planting forensic evidence of Mr. Kokinda's inoperable Samsung cellphone and destroying, corrupting, obstructing access to exculpatory evidence on Mr. Kokinda's other cellphones and P.M.'s cellphone in violation of his due process rights and to effectuate the object of retaliations coordinated through the U.S. Marshals Service since 2017." (ECF No. 107-2 at 14).

On February 2, 2021, a grand jury sitting in this district court indicted Kokinda in a superseding indictment, which included one count of possession of child pornography

and one count of failure to register as a sex offender. *United States v. Kokinda,* No. 2:19-cr-00033-TSK-MJA (N.D.W. Va. Feb. 2, 2021), ECF No. 200. Allegedly, Kokinda was in possession of a cellphone that contained illegal pornographic images of children. The discovery of these images was made possible by Corkrean, a digital forensic expert.

According to the transcripts of Kokinda's sentencing hearing on the SORNA charge, Corkrean became involved in the case at the request of the United States Marshals Service. *See Kokinda,* No. 2:21-cr-00020, ECF No. 198 at 5-6, 9. Because of Corkrean's specialization in digital forensic science, he was asked to obtain data from Kokinda's Samsung cellphone. *Kokinda,* No. 2:21-cr-00020, ECF No. 198 at 7, 10-11. The phone was inoperable, so Corkrean performed a "chip off process," in which he removed the chip from the cellphone's circuit board, allowing the chip to be read using a computer application. *Id.* at 11.

The data extracted by Corkrean was provided to the Marshals Service and was searched pursuant to a warrant; specifically, law enforcement officers were looking for evidence of child pornography. *Kokinda,* No. 2:21-cr-00020*,* ECF Nos. 198 at 16; 199 at 61. Lieutenant Gary Weaver of the Bridgeport Police Department and a member of the FBI Crimes Against Children Task Force for the Northern District of West Virginia, performed the search. *Id.* at 59-62. Weaver purportedly found approximately thirty images of child pornography on the chip. *Id.* Kokinda made a motion to suppress the evidence obtained from the cellphone, raising many of the same claims of retaliation and planting of evidence that he asserts herein. *Kokinda,* No. 2:19-cr-00033*,* ECF No. 344. Because the charge of child pornography was later dismissed by the United States, the suppression motion was terminated without a ruling. *Id.,* ECF No. 373. However, the digital evidence was used to enhance Kokinda's sentence in the SORNA case. *Kokinda,*

No. 2:21-cr-00020, ECF No. 199 at 58-85. Kokinda appealed the sentence enhancement

to the Fourth Circuit, which upheld the district court's judgment. *Id.*, ECF 256.

In his fifty-three page Supplemental Statement of Facts, (ECF No. 107-2 at 19-71),

Kokinda offers the following additional support for his claim against the Granville Police

Department:

> The Granville Police Dep't forensic experts and prosecutors never provided
> the Discovery of the cellphone, nor did they give notice or allow a defense
> expert to supervise extractions or interview in any manner.
> ....
>
> Craig Korkrean [sic] did not testify that it is standard procedure to destroy
> evidence and carry out chip-off extractions without notice to the defense. If
> he testifies to this fact, this would create evidence of an unconstitutional
> custom behind the due process violations, making the Granville Police Dep't
> liable.
> ....
>
> The Granville Police Dep't is also liable for failure to train and supervise its
> employees regarding the contours of due process protections and ethics in
> forensic extractions and proper handling and preservation of forensic
> evidence.
> ....
>
> And finally, none of Mr. Kokinda's original laptop devices that worked and
> were not corrupted by the Granville Police Department had even a shred of
> evidence that he had any sexual interests or criminal proclivities.

(ECF No. 107-2 at 47, 59, 66). Kokinda claims that the Granville Police Department and

Corkrean were directed by the United States to extract data from Kokinda's cellphone

without notifying the defense. (*Id.* at 55). He adds that Corkrean was directed by Assistant

United States Attorney Brandon Flower to destroy data, fabricate and plant evidence on

the chip, and corrupt data by holding the chip over heat to cover up timestamping that

would show the images were planted. (*Id.* at 55, 57). Kokinda alleges that Corkrean

admitted that heat corrupts data on the chip and that he extracted data using the chip off

process. (ECF No. 107-2 at 57). Kokinda goes into some detail about how he believes

Corkrean was able to fabricate evidence. (*Id.* at 58).

Kokinda's proposed second amended complaint against the Granville Police Department and Craig Corkrean cannot withstand a motion to dismiss, thus making the amendment futile.  Kokinda's allegations against Corkrean are entirely without factual support, consisting of nothing more than speculation, conclusions, and accusations resting on Kokinda's imagination. He indicates that a jury could "reasonably infer" that Corkrean conspired with Flower in a scheme to plant evidence, destroy other evidence, and obstruct Kokinda's access to exculpatory evidence, but provides no explanation of how a jury could make such an inference in the absence of any facts to substantiate those misdeeds.

In any event, Corkrean performed the forensic extraction of data from Kokinda's phone at the request of the United States Marshals Service, and the results were submitted to the prosecution. The prosecutors then made the decision to present the evidence to a grand jury, which indicted Kokinda on one count of child pornography. Consequently, the indictment was an intervening cause, and Corkrean's actions were not the "but-for and proximate" cause that Kokinda is required to show in order to state a plausible cause of action against Corkrean. As the district court explained in *Johnson v. Ortiz*:

> Constitutional torts, such as malicious prosecution, require a demonstration of both but-for and proximate causation.. The subsequent acts of independent decisionmakers, including prosecutors, grand juries, and judges, may constitute intervening superseding causes that break the causal chain between a law enforcement officer's misconduct and a plaintiff's unlawful seizure. Generally, such intervening acts of other participants in the criminal justice system insulate a police officer from liability. A police officer may remain liable for malicious prosecution even when a prosecutor retains all discretion to seek an indictment, only under certain narrow circumstances, such as when an officer lied to or misled the

> prosecutor, failed to disclose exculpatory evidence to the prosecutor, or unduly pressured the prosecutor to seek the indictment.

*Johnson v. Ortiz*, No. 123CV1431LMBLRV, 2024 WL 867026, at *7 (E.D. Va. Feb. 28, 2024) (internal citations and markings omitted) (quoting *Evans v. Chalmers*, 703 F.3d 636, 647-48 (4th Cir. 2012)). Kokinda does not claim that Corkrean lied to prosecutors, failed to disclose exculpatory evidence to prosecutors, or unduly pressured prosecutors to seek the indictment. Instead, Kokinda continues to assert, without evidence, his farfetched belief that defendants in four states conspired over a period of 14 years to prosecute Kokinda in retaliation for his civil litigation in Pennsylvania.

Furthermore, the evidence obtained by Corkrean was used to enhance the sentence Kokinda received on the SORNA charge. Kokinda is barred from raising a claim in a civil rights complaint that would necessarily invalidate the sentence imposed by the court. *Moskos v. Hardee*, 24 F.4th 289, 295 (4th Cir. 2022) (holding that when a prisoner seeks damages in a civil rights suit, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. If so, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence already has been invalidated, whether on direct appeal, by executive order, by a state tribunal, or by a federal court's issuance of a writ of habeas corpus.") (internal quotations and citation omitted) (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)). In this case, Kokinda asserted on appeal the same or similar attacks to the reliability of the data as he raises in the proposed second amended complaint, and his sentence was upheld. *Kokinda,* 93 F.4th at 651. The Fourth Circuit explicitly considered whether the sentencing court erred when it relied on the data extracted from Kokinda's cellphone to enhance his sentence. *Id.* at 650. The Fourth Circuit noted testimony by

Officer Gary Weaver confirming the images on the cellphone constituted child pornography, were similar to the child pornography in Kokinda's prior New Jersey child pornography conviction, and was found in a file created on a date when Kokinda owned the phone. *Id.* The Fourth Circuit found no error in the sentencing court's reliance on the cellphone data.

As Kokinda has failed to state a viable constitutional claim against Corkrean, his claims against the Granville Police Department fail as well. In a suit for damages, "supervisors and municipalities cannot be liable under § 1983 without some predicate 'constitutional injury at the hands of the individual [state] officer.'" *Waybright v. Frederick Cnty.,* 528 F.3d 199, 203 (4th Cir. 2008) (citing *City of Los Angeles v. Heller,* 475 U.S. 796, 799 (1986)). Similarly, Kokinda's policy claim against the Police Department cannot withstand a motion to dismiss. Kokinda's allegations are not only conclusory and devoid of factual support, but they directly conflict with his admission that no evidence of unconstitutional polices and customs were established. (*See* 107-2 at 66) (alleging that Corkrean did *not* testify that it was standard procedure to destroy evidence and carry out chip off extractions without notifying the defense, but if he did so testify in the future, a claim would exist.) Therefore, the undersigned **FINDS** that Kokinda's complaint against the Granville Police Department and Crag Corkrean cannot withstand a motion to dismiss, rending the second amended complaint against them futile.

### D. Lt. Gary Weaver

Weaver, a lieutenant with the Bridgeport Police Department and a member of the Federal Bureau of Investigations Crimes Against Children Unit, submitted a criminal complaint and attached affidavit in January 2021 charging Kokinda with possession of child pornography. *See United States v. Kokinda,* No. 2:21-mj-00001-MJA (Jan. 28,

2021), ECF No. 1. Weaver states in his affidavit that members of the Elkins, West Virginia Police Department conducted a search pursuant to a warrant on a vehicle belonging to Kokinda and located a Samsung cellphone. *Id.* at 3. According to Weaver, the Elkins police obtained a search warrant for the data on the cellphone, as did the United States Marshals Service. The affidavit indicates that the cellphone was provided to Chief Craig Corkrean of the Granville Police Department, who obtained data from the cellphone and placed the data on a hard drive. After the data was extracted, a member of the Harrison County Drug Task Force began examining the information and allegedly observed several photographs of nude pre-teen girls. *Id* at 4. Weaver was asked to examine the photographs to verify if they constituted child pornography. Weaver opined that the images did qualify as child pornography. *Id.* Another search warrant was obtained, and Weaver found what he believed were several images of child pornography. Based on the complaint and affidavit, an arrest was issued and Kokinda was arrested. *Kokinda,* No. 2:21-mj-00001-MJA, ECF Nos. 4, 11. Kokinda was subsequently indicted on one count of possession of child pornography. *Kokinda,* No. 2:19-cr-00033-TSK-MJA, ECF No. 200. Thereafter, Weaver testified at Kokinda's sentencing hearing in his SORNA case to support the United States' request for an enhanced sentence. *Kokinda,* No. 2:21-cr-00020-TSK-MJA, ECF No. 199 at 58-85.

> In the proposed second amended complaint, Kokinda alleges:

> Lt. Gary Weaver is a but-for proximate cause of Mr. Kokinda false arrest on January 29, 2021, due to his material omissions in filing a misleading Complaint in the district court. If Lt. Gary Weaver had accurately alleged the totality of material facts regarding the child pornography forensically plant/extracted from Mr. Kokinda's Samsung cellphone, a neutral and detached magistrate would not have found probable cause to charge Mr. Kokinda.

(ECF No. 107-2 at 13). He adds in the Supplemental Statement of Facts: "Defendant's,

Gary Weaver, January 28, 2021, Complaint intentionally or recklessly omitted the facts that the data was planted, that the forensic data lacked file structure and metadata, and that there was no timestamping or dates to authenticate when the images were actually accessible on the cellphone if ever." (ECF No. 107-2 at 57). Kokinda claims that Weaver's affidavit failed to demonstrate the "possession" gravamen and mislead the jury into indicting him. *Id.*

"When a person seeks to challenge a warrant-backed arrest under the Fourth Amendment as lacking probable cause, that challenge 'at most … can be pursued through a cause of action for malicious prosecution.'" *Thurston v. Frye*, ___ F.4th ___, 2024 WL 1841939, at *3 (4th Cir. Apr. 29, 2024) (quoting *Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998)). To succeed on such a claim Kokinda must show "that [1] the defendant ha[s] seized plaintiff pursuant to legal process that was not supported by probable cause and [2] that the criminal proceedings have terminated in plaintiff's favor." *Massey v. Ojaniit*, 759 F.3d 343, 356 (4th Cir. 2014) (quoting *Durham v. Horner*, 690 F.3d 183, 188 (4th Cir. 2012)). As this court previously explained:

> A Fourth Amendment malicious prosecution claim, much like its common law analogue, requires a showing of both but-for and proximate causation. As a result, a subsequent act of an independent decision-maker—for instance, a judge deciding to issue an arrest warrant—constitutes an intervening superseding cause that breaks the causal chain between a defendant-officer's misconduct and a plaintiff's unlawful seizure. … When that happens, the judge's intervening act insulates a police officer from liability.

*Kokinda v. Foster*, No. 3:21-CV-00154, 2024 WL 715962, at *4 (N.D.W. Va. Feb. 21, 2024) (internal markings and quotations omitted). An exception to this rule is when the law enforcement officer acts "pursuant to an arrest warrant obtained by their own misleading or dishonest statements." *Id.* (citing *Miller v. Prince George's County*, 475 F.3d 621, 627

(4th Cir. 2007)). However "not all lies or omissions matter." *Id.* The alleged false statements or omissions must be ""necessary to the [neutral and disinterested magistrate's] finding of probable cause." *Id.* (citation omitted). In determining the materiality, courts "must excise the offending inaccuracies and insert the facts recklessly omitted, and then determine whether the corrected warrant affidavit would establish probable cause. If it does, the officer remains insulated from liability." *Id.* (quotations and citations omitted).

Kokinda asserts that Weaver "intentionally or recklessly" omitted the fact that the child pornography images on his cellphone were "planted," lacked "file structure and metadata," and were not timestamped. (ECF No. 107-2 at 57). He then speculates that his cellphone was either "exposed to contraband images by some unknown act at some uncertain time and circumstances, likely in another country, before he obtained it or by police planting it." (*Id.*). However, Kokinda does not allege that Weaver planted the evidence, nor does he provide any allegations to support his conclusion that Weaver intentionally or recklessly omitted facts from his affidavit. "Reckless disregard" can be proven with "evidence that an officer acted 'with a high degree of awareness of [a statement's] probable falsity.'" *Kokinda,* 2024 WL 715962, at *4 (quoting *Miller,* 475 F.3d at 627). Kokinda makes no allegation that Weaver knew or had a high degree of awareness that any of the statements in his affidavit were false or misleading. Kokinda alleges in his proposed second amended complaint that Corkrean, not Weaver, extracted the data and that Flower instructed Corkrean to plant or fabricate the images (an allegation that lacks any factual support) as part of his extraction process. Kokinda does not allege that Weaver knew of this alleged fabrication or discussed it with either Corkrean or Flower. Kokinda attacks the source, date, and quality of the images, but does not include a single factual

allegation that Weaver had any reason to believe that the photographs were unreliable, or that they were not knowingly placed on the cellphone by Kokinda. Simply put, Kokinda concludes without any supporting factual information, that Weaver lied about or omitted facts known to him when he prepared the affidavit. Without evidence to bolster his claim that Weaver lied or omitted facts in his affidavit, the probable cause finding made by Judge Aloi and the indictment returned by the grand jury are superseding events which break the proximate cause chain. Therefore, the undersigned **FINDS** that the claim against Weaver is not plausible and cannot withstand a motion to dismiss. As such, Kokinda's motion to file a second amended complaint against Weaver should be denied as futile.

In addition, by attacking the foundation of the child pornography charge, Kokinda attacks the evidence and testimony used to enhance his sentence in the SORNA case. Weaver testified at the sentencing hearing about the photographs found on Kokinda's cellphone. *Kokinda,* No. 2:21-cr-00020-TSK-MJA, ECF No. 199 at 58-85. Weaver confirmed that he did not personally perform the forensic download, but found no metadata on the images of child pornography located on the extracted chip. *Id.* at 69-70, 84. According to the sentencing transcript, issues related to the quality and reliability of the photographs were raised and fully addressed by the court, which concluded by a preponderance of the evidence that Kokinda possessed child pornography. ECF No. 198 at 95-100. The court's decision was affirmed on appeal, with the subject of the images again addressed by the Fourth Circuit. Accordingly, the undersigned **FINDS** that Kokinda is precluded from suing Weaver in a § 1983 action on the grounds asserted, rendering his proposed second amended complaint futile.

26

### E.  Koch Industries, Inc.

Kokinda alleges that Koch Industries is "the corporate arm of the Koch Family" and constitutes a "but-for and proximate cause" of Kokinda's "false arrests and retaliatory prosecutions in WV, VT, PA by inference of their corrupt dark money influence on Tom Corbett to whitewash the injustices behind $28 billion tax breaks." (ECF No. 107-2 at 3). In his Supplemental Statement of Facts, Kokinda asserts that the entire American political system has been corrupted by big energy and dark money, and he "reasonably infer[s]" that Koch Industries and/or the Koch family pressured Corbett to retaliate against Kokinda to cover-up their actions. (ECF No. 107-2 at 62). Kokinda provides no factual allegations to support his conclusory claim that the Koch family or Koch Industries plays any role in his prosecutions. The undersigned **FINDS** that the proposed second amended complaint against Koch Industries is so preposterous and  lacking of plausible factual support that it cannot withstand a motion to dismiss, rendering it futile. *See, e.g.* *Smith v. Jehovah's Witnesses*, No. 122CV123LMBTCB, 2022 WL 500601, at *2 (E.D. Va. Feb. 11, 2022), *aff'd,* No. 22-1158, 2022 WL 2915453 (4th Cir. July 25, 2022) (holding that courts "routinely dismiss" as frivolous *pro se* complaints alleging "amorphous and vast conspiracies."); *Pignuola v. Spears,* No. 1:14CV95, 2014 WL 4954653, at *2 (N.D.W. Va. Sept. 30, 2014) (dismissing on initial screening a complaint that alleged "ludicrously bizarre, nonsense claims that are often lewd, sexual, and very vile."); *Neal v. Duke Energy*, No. CA 6:11-1420-HFF-KFM, 2011 WL 5083181, at *4 (D.S.C. June 30, 2011), *report and recommendation adopted,* No. CA 6:11-1420-TMC, 2011 WL 5082193 (D.S.C. Oct. 26, 2011) (dismissing as frivolous "Plaintiff's claim that Defendants clandestinely placed a GPS device in her car while it was in the shop for repairs and that she is being stalked by all of the Defendants" as it was "made without any viable factual supporting

allegations and appears to be the product of paranoid fantasy.").

### F.  Jason Doe, Aramark, C.O. Smith, Major Clouser, Kelly Bradshaw, Tygart Valley Regional Jail

Kokinda attempts to join six defendants in the proposed second amended complaint. These defendants were employed or contracted to provide services at Tygart Valley Regional Jail and Correctional Center ("TVJ") during Kokinda's incarceration there. Kokinda complains that the TVJ defendants were deliberately indifferent to his concerns regarding "defiled" food trays, lack of access to the jail library, and sexual violence in the jail—in other words, he asserts that his conditions of confinement violated the Eighth Amendment to the United States Constitution. In contrast, the first amended complaint involves claims of retaliatory prosecutions and conspiracy to initiate retaliatory prosecutions.

The undersigned **FINDS** that Rules 18(a) and 20(a)(2) of the Federal Rules of Civil Procedure prohibit Kokinda from litigating multiple, unrelated claims in one lawsuit. "Federal Rule of Civil Procedure 20(a) permits joinder of multiple defendants in a single action when 'there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.'" *John S. Clark Co. v. Travelers Indem. Co. of Illinois*, 359 F. Supp. 2d 429, 436 (M.D.N.C. 2004) (quoting Fed. R .Civ. P. 20(a)); *Jason v. Robinson*, No. 7:21CV00320, 2022 WL 1404311, at *1 (W.D. Va. May 4, 2022) (holding that a plaintiff may only properly join individuals in an amended complaint when they are accused of "a violation or related violations of [the plaintiff's] personal constitutional rights arising from *a single event or closely related events.*"); *Allen v. Ingram*, No. 3:16-CV-490-FDW,

2017 WL 4354731, at *1 (W.D.N.C. Sept. 29, 2017) (citing Fed. R. Civ. P. 20(a)(2) (Plaintiff may bring a claim against multiple defendants as long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are common questions of law or fact). Once the requirements for permissive joinder under Rule 20(a) are met, "Rule 18(a) permits a Plaintiff to join 'as many claims as it has against an opposing party.'" *Cofield v. Worktime, Inc.*, No. CV SAG-22-1370, 2022 WL 3716566, at *5 (D. Md. Aug. 29, 2022) (quoting Fed. R. Civ. P. 18). "[I]f the claims arise out of different transactions and do not each involve *all* defendants, joinder of the claims in one lawsuit should not be allowed." *Ferebee v. Manis*, No. 7:21CV00571, 2022 WL 270870, at *2 (W.D. Va. Jan. 28, 2022).

In this case, Kokinda cannot satisfy the requirements for permissive joinder because the proposed Eighth Amendment claims do not arise out of the same occurrences as the retaliatory prosecution claims, do not have common defendants, and do not have common questions of law and fact. Consequently, Kokinda may not amend his complaint to add the TVJ defendants and claims. Although Kokinda attempts to pull these claims under the umbrella of his imagined vast, far-reaching conspiracy by stating that "[a] jury could reasonably infer that Brandon Flower or one of his conspirators" called one or more of the TVJ defendants and requested that Kokinda's access to the library be limited, (ECF No. 107-2 at 13), that allegation is wholly speculative, factually unsupported, and does not alter the fundamental difference between Eighth Amendment conditions of confinement and retaliatory prosecution claims. Because a joinder of the TVJ defendants and claims contravenes Rules 18 and 20, the undersigned **FINDS** that granting the motion to amend to allow these claims would be futile.

### G. *Corporal Foster and Patrolman Boatwright*

The purpose of an amended complaint is to correct errors or deficiencies in the complaint, offer new and material facts, or add parties or claims not already included in the complaint. The allegations against Foster and Boatwright in the proposed second amended complaint are essentially the same as those in the first amended complaint. Accordingly, the undersigned **FINDS** that there is no practical or logical reason to grant the motion for leave to amend the complaint against these defendants—the only remaining defendants in the case. Furthermore, it would be prejudicial to Foster and Boatwright to force them to spend the time and money to respond to a second amended complaint that makes the same claims and allegations against them as are contained in the first amended complaint.

### H. *The Four Overarching Claims*

The first claim asserted by Kokinda pertains to the alleged conspiracy to target him "in an epic chain of retaliatory prosecutions as a consequence of filing litigation in Pennsylvania." (ECF No. 107-2 at 17). Kokinda has already made this claim in the first amended complaint; therefore, the undersigned **FINDS** that the proposed second amended complaint is duplicative as to this claim. His second claim alleges unconstitutional prison conditions. (*Id.* at 18). As previously discussed, the undersigned **FINDS** that this unrelated claim cannot properly be joined in the current ligation. Kokinda will need to file a separate civil rights complaint to pursue those claims. His third claim involves the preposterous contention that the United States has entered into an implied and express contract to pay Kokinda more than one million dollars per day as damages for the alleged retaliatory prosecutions initiated against him. (ECF No. 107-2 at 18). Fantastical and delusionary claims are frivolous; accordingly, the undersigned

**FINDS** that the first amended complaint should not be amended again to join a patently frivolous claim.

Finally, for his fourth claim, Kokinda asserts that the sex offender registration laws are unconstitutional as applied to him, and he seeks declaratory relief exempting him from having to register. (*Id.*). Kokinda does not articulate to which of the defendants he directs this claim, but that is beside the point as Kokinda fails to state a cognizable claim for relief in this action. In his criminal case, Kokinda argued that SORNA, as applied to him, violated the Tenth Amendment to the United States Constitution. *Kokinda,* 93 F.4th at 644. In a published opinion, the Fourth Circuit ruled that the application of SORNA to Kokinda did not violate the Tenth Amendment. *Id.* at 648-49. The Supreme Court denied Kokinda's petition for a writ of certiorari, making the Fourth Circuit's decision prevailing law on that point.

Kokinda contends that registration laws are unconstitutional, as applied to him, because they are being used "to target and effectuate retaliatory prosecutions" against him. He adds that the laws are constructively directing his movements as he is being constantly shadowed and harassed by police. Assuming *arguendo* that Kokinda is being targeted for enforcement of registration laws, that does not render the laws themselves unconstitutional. Kokinda does not dispute that he is a sex offender previously convicted of possessing child pornography and is required to register by both state and federal law. Law enforcement is authorized by these laws to arrest Kokinda if he fails to register, and prosecutors are authorized to prosecute him.

Furthermore, Kokinda cannot assert such a claim in this action, because a declaratory judgment in his favor would necessarily imply the invalidity of his SORNA conviction and sentence. *See Edwards v. Balisok,* 520 U.S. 641, 648 (1997) (extending

the analysis in *Heck* to claims seeking declaratory judgment); *Pearson v. Holder,* No. 3:09-cv-00682-O, 2011 WL 13185719, at \*4-6 (N.D. Tex. Apr. 29, 2011) (finding a civil rights case seeking equitable relief related to the alleged unconstitutionality of sex offender registration laws was impermissible under *Heck* and *Edwards*). Kokinda already raised a constitutional challenge to SORNA on appeal and failed. However, given his sentence of lifetime supervised release, Kokinda has the option of filing a collateral action under 28 U.S.C. § 2255. But, the undersigned **FINDS** that Kokinda is prohibited from using this civil rights case as way to bypass the criminal appellate and habeas processes, rendering his proposed second amended complaint on this claim futile.

## VI.    **Proposal and Recommendation**

For the stated reasons, the undersigned respectfully **PROPOSES** that the presiding District Judge accept and adopt the findings herein and **RECOMMENDS** that the Motion for Leave to Amend the Complaint, (ECF No. 107), be **DENIED**.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure. The parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review

by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Johnston and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Plaintiff and counsel of record.

**FILED:** May 10, 2024

Cheryl A. Eifert
United States Magistrate Judge