# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

## MARTINSBURG DIVISION

JASON STEVEN KOKINDA,

        Plaintiff,

v.                                      CIVIL ACTION NO.   3:21-cv-00154

COPRL. T.H. FOSTER, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court are four motions. The first motion is Corporal T.H. Foster and Patrolman C. Boatwright's ("Defendants") motion for summary judgment. (ECF No. 126.) The second is Jason Kokinda's ("Plaintiff") motion to stay this case. (ECF No. 139.) The third is Plaintiff's motion to amend his complaint for the third time. (ECF No. 140.) The last is Defendants' motion to strike Plaintiff's brief responding to Defendants' motion for summary judgment. (ECF No. 141.)

By Order entered in this case on October 3, 2024, this action was referred to United States Magistrate Judge Joseph K. Reeder for submission of a report and a recommendation for disposition ("R&R"). (ECF No. 157.) Magistrate Judge Reeder filed his R&R on January 3, 2025. (ECF No. 159.) Plaintiff timely filed his objections to the R&R on January 13, 2025. (ECF No. 160.)

For the reasons more fully explained below, the Court **OVERRULES** Plaintiff's objections, (ECF No. 160), **ADOPTS IN PART** and **REJECTS IN PART** the R&R, (ECF No.

159), **DENIES** Plaintiff's motion for a stay, (ECF No. 139), and **DISMISSES** this case from the Court's active docket.

## I. BACKGROUND

A detailed recitation of the extensive facts of this action can be found in the Magistrate Judge's R&R, (ECF No. 159), and therefore need not be repeated here. The Court will provide a discussion of any relevant facts as necessary throughout this opinion to resolve Plaintiff's objections.

## II. LEGAL STANDARD

### A. Review of Magistrate Judge's Report and Recommendations

The Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to any portion of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Further, this Court need not conduct a *de novo* review of any "general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In reviewing the portions of the R&R which Plaintiff has objected to, the Court will consider the fact that Plaintiff is acting *pro se* and his pleadings will be afforded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

B. *Summary Judgment Standard*

The Federal Rules of Civil Procedure state that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." *News & Observer Publ. Co. v. Raleigh–Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010). If there are factual issues that may reasonably be resolved in favor of either party, summary judgment should not be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "Thus, at the summary judgment phase, the pertinent inquiry is whether there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018) (alteration and internal quotation marks omitted).

The nonmoving party bears the burden of showing there is a "genuine issue of material fact for trial . . . by offering 'sufficient proof in the form of admissible evidence.'" *Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 216 (4th Cir. 2016). When ruling on a motion for summary judgment, the Court must view the evidence "in the light most favorable to the opposing party." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970).

C. *Leave to Amend Standard*

The Federal Rules of Civil Procedure state that, in circumstances such as this, a litigant may amend a pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a). A court should "freely give leave when justice so requires." *Id.* Nevertheless,

3

a court should not grant leave to amend when there is "bad faith, undue prejudice to the opposing party," or granting an amendment would be "futil[e]." *United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "A denial based on futility should only be granted when the proposed amendment is 'clearly insufficient or frivolous on its face.'" *Veolia Es Special Servs., Inc. v. Techsol Chem. Co.*, 2007 WL 4255280, at *8 (S.D. W. Va. Nov. 30, 2007) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986)). "A proposed amendment is also futile if the claim it presents would not survive a motion to dismiss." *Save Our Sound OBX, Inc. v. N.C. Dep't Transportation*, 914 F.3d 213, 228 (4th Cir. 2019).

### III.   DISCUSSION

Plaintiff asserts five objections to the Magistrate Judge's R&R. (ECF No. 160.) The objections are frequently difficult to comprehend. However, each objection is addressed below.

### A. First Objection—Denial for Leave to Amend and "Law of the Case" Doctrine

Plaintiff's first objection relates to the Magistrate Judge's recommendation to deny the third motion for leave to amend the complaint. (ECF No. 160 at 1.) Previously, this Court adopted the R&R of Magistrate Judge Eifert, who recommended denying Plaintiff's motion to amend the complaint for the second time. (ECF Nos. 122, 133.) Magistrate Judge Reeder applied "law of the case" doctrine to his analysis of Plaintiff's third amended complaint. (ECF No. 159 at 21.) Accordingly, Magistrate Judge Reeder examined both the findings of Magistrate Judge Eifert and the proposed third amended complaint. (*Id.*) After review, the Magistrate Judge found that "Plaintiff has failed to correct the shortcomings of his second amended complaint." (*Id.*) Because the proposed complaint alleged "no new factual allegations against"

4

the defendants, and Plaintiff's "claims have already been addressed numerous times," the Magistrate Judge found that the third amended complaint "cannot withstand a motion to dismiss." (*Id.*)  Therefore, the Magistrate Judge recommended that the motion for leave to amend should be denied.  (*Id.* at 26.)

Plaintiff takes issue with the Magistrate Judge's analysis.  He claims that the Magistrate Judge "believed he had no duty to pursue any analysis of" his various claims by relying on Magistrate Judge Eifert's prior R&R.  (ECF No. 160-1 at 4.)  This, allegedly, was error because Magistrate Judge Reeder "evaded the merits [of Plaintiff's motion for leave to amend] by using the amended complaint as an excuse to apply a heightened standard of review and law-of-the-case doctrine" despite what Plaintiff characterizes as "clear errors in the previous R&R."  (*Id.*)

Law of the case doctrine is a judicially created procedural doctrine which posits that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case."  *Arizona v. California*, 460 U.S. 605, 618 (1983) (dictum adopted in *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988)).  The rule "promotes the finality and efficiency of the judicial process by 'protecting against the agitation of settled issues.'"  *Christianson*, 486 U.S. at 816 (citation omitted).  The Court should apply law of the case doctrine to subsequent stages of litigation unless one of three exceptions apply: "(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice."  *TFWS, Inc. v. Franchot*, 572 F.3d 186, 191 (4th Cir. 2009).

The Fourth Circuit has not directly addressed the impact of law of the case doctrine on amended complaints.  *See Noel v. PACCAR Fin. Corp.*, 568 F. Supp. 3d 558, 565 (D. Md. 2021)

(noting the same). However, the District Court of Maryland addressed this issue in *Noel* and persuasively concluded that the "existence of a prior ruling" on an amended complaint "does not foreclose the consideration of a motion to dismiss an amended complaint." *Id.* at 567 (citing *Chase v. Dep't Pub. Safety and Corr. Servs.*, 2020 WL 1914811, at *12–13 (D. Md. Apr. 20, 2020), *Weslowski v. Zugibe*, 96 F. Supp. 3d 308, 316 (S.D.N.Y. 2015)). As that court concluded, law of the case doctrine should not preclude consideration of an amended complaint when: "(1) the complaint and amended complaint were subject to different pleading standards, because the plaintiff was *pro se* when the initial complaint was filed; and (2) the amended complaint added clarifying details and new factual allegations." *Id.* (quotations omitted).

The Magistrate Judge did not err in applying that rule here. First, Plaintiff has always been afforded the "liberal construction" of *pro se* pleadings since this litigation began. Nothing has changed in terms of the pleading standards. Second, the Magistrate Judge explicitly noted that he considered the whole of Plaintiff's third amended complaint and the allegations made therein. (*See* ECF No. 159 at 1, 21.) The R&R shows that the Magistrate Judge considered whether any of Plaintiff's "new allegations" could "correct the shortcomings of his second amended complaint." (ECF No. 159 at 21.) Finding none, the Magistrate Judge recommended the Court deny the motion to amend. Accordingly, the Magistrate Judge's recommendation was made with proper legal analysis.

It appears Plaintiff really wants to attack the sufficiency of the previously adopted R&R. He states that "Magistrate *Eifert* . . . made clear errors of law when she analyzed (1) the prison-conditions supplement; (2) the possession of child pornography prosecution; (3) conspiracy claims; and (4) personal jurisdiction." (ECF No. 160-1 at 4 (emphasis added).) He further notes

that "the prior magistrate" committed "clear error and manifest injustice" based on her recommendation to deny the "prison-conditions" claim despite alleged "collateral damages" stemming "from the malicious prosecutions." (*Id.*) He further claims that his previous arguments would "survive, in part, even if an independent constitutional violation was never proven" and that Magistrate Judge Eifert "refus[ed] to read and digest the 66-page memorandum" filed with his second amended complaint. (*Id.*) Based on his chosen language, Plaintiff seems to be saying that the third exception to law of the case doctrine—that a prior decision was clearly erroneous and would work manifest injustice, *TFWS, Inc.*, 572 F.3d at 191—is applicable here.

Although Plaintiff repeats the "manifest injustice" and "clear error" terminology throughout his objection, that is not enough to meet the exception to law of the case doctrine. "A prior decision does not qualify for this . . . exception by being just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week-old, unrefrigerated dead fish." *Id.* at 194 (quotation omitted). None of Plaintiff's complaints strike the Court as so clearly wrong. Magistrate Judge Eifert was correct to conclude that Plaintiff's "prison conditions supplement" was an "unrelated claim [that] cannot properly be joined in the current ligation," and was therefore correct in concluding it was not recoverable as "collateral damages." (ECF Nos. 122 at 30, 160-1 at 4, 7.) She was also correct to conclude that Plaintiff's claims against dismissed-defendant Lt. Weaver—the so called "possession of child pornography prosecution"—should be dismissed because Plaintiff "ma[de] no allegation that Weaver knew or had a high degree of awareness that any of the statements in his affidavit were false or misleading." (ECF Nos. 122 at 25–26, 160-1 at 4.) Magistrate Judge Eifert also properly considered Plaintiff's "conspiracy claims" and found that his proposed second amended complaint "essentially restate[d] the claims against these

7

defendants previously addressed in the first PF&R, second PF&R, and two memorandum opinions and orders entered by the court." (ECF Nos. 122 at 13–14, 160-1 at 4.) She appropriately dismissed those claims accordingly. (ECF No. 122 at 14.) Further, she did not err in finding that dismissed-defendants Barron, Corbett, or Perreault did not have "minimum contacts" with the forum state to meet the requirements of personal jurisdiction. (ECF Nos. 18 at 16, 29, 34, ECF No. 160-1 at 4.)

Nevertheless, Plaintiff tries to offer conclusory statements in an attempt to meet the third exception to the law of the case doctrine. He claims that the "child pornography charges lacked probable cause" because the warrant contained "an unparticularized allegation" and failed to meet the definition of "possession." (ECF No. 160-1 at 4–5.) He claims that "the Govt. sought to rely on character evidence," "relied entirely on a .pdf" that "had two conflicting dates," and that "evidence that the images were ever accessible in the United States was wholly lacking." (ECF No. 160-1 at 6–7.) These are simply bare assertions that do nothing to explain exactly how Magistrate Judge Eifert erred when she concluded Plaintiff failed to plausibly allege a cause of action. As Judge Copenhaver has found, "continu[ing] to rely on bare assertions" to challenge the Court's prior conclusions will not meet the standards of clear error or manifest injustice. *See Grace v. Sparks*, 2016 WL 8200508, at *1 (S.D. W. Va. July 2016). Because the Magistrate Judge did not err in his application of law of the case doctrine, the Court **OVERRULES** Plaintiff's first objection.

B.  *Second Objection—Motion for Summary Judgment Generally*

Plaintiff's second objection relates to summary judgment. (ECF No. 160 at 2.) This objection can be parsed into two sets of objections. First, he claims that the "honorable magistrate

failed to apply law-of-the-case doctrine in ruling on the malicious prosecution, false arrest, and unlawful search & seizure claims against [Defendants]." (ECF No. 160 at 2.) The second part of the objection relates to misapplication of the summary judgment standard. To that point, Plaintiff claims "the magistrate attempted to weigh the evidence, make credibility determinations, apply false standards of law, and characterize Mr. Kokinda's retaliatory prosecution claims as 'speculative' by vague and misleading summarizations." (*Id.*)

First, the Court will address Plaintiff's argument that "law of the case doctrine" was not properly applied in ruling on the malicious prosecution, false arrest, and unlawful search and seizure claims. Plaintiff claims that "the magistrate is evading any duty to follow law-of-the-case doctrine on these issues by framing them under a heightened retaliatory prosecution theory." (ECF No. 160-1 at 8.) His theory is that "because the retaliatory prosecution standards . . . contain the elements of malicious prosecution, the magistrate must recognize malicious prosecution under law-of-the-case doctrine and the same operative facts pled." (*Id.*) He further claims that this Court "made a clear error of law" when it "alleged that a retaliatory prosecution claim wasn't available as a matter of law." (*Id.* at 8–9.)

Plaintiff seems to have a fundamental misunderstanding of law of the case doctrine. As already discussed, this doctrine is about how previous findings by the Court guide the Court in later stages. Plaintiff correctly notes that this Court has already determined what law applies in this case. Specifically, Plaintiff has only asserted a malicious prosecution claim against these two Defendants. (ECF No. 116.) The fact that the Court considered, and dismissed, the other causes of actions is what guides the Court now. Simply declaring something as "clear error" does not open the door to relitigate past issues. Plaintiff's claims about "law of the case doctrine" go to

9

issues not present in the R&R.  Accordingly, the Court **OVERRULES** this part of Plaintiff's second objection.

The second part of his second objection alleges the Magistrate Judge made a series of errors in applying the summary judgment standard.  In his summary judgment analysis, the Magistrate Judge set out the applicable standard for a malicious prosecution claim.  (ECF No. 159 at 22–24.)  As it pertains to Defendants, the Magistrate Judge correctly noted that the "independent decision to seek a warrant" by someone other than a police officer "breaks the causal chain" of a malicious prosecution claim for the officer.  (*Id.* at 23 (citations omitted).)  Still, the Magistrate Judge noted that Plaintiff could make out a malicious prosecution claim by satisfying the *Franks* test.  (*Id.* at 24.)  To meet that standard, Plaintiff needed to put forward evidence that created a genuine dispute of material fact as to one of the following: 1) that Defendants deliberately made material false statements in their warrant application affidavits; 2) that Defendants had a "reckless disregard for the truth" in the facts alleged in their warrant application affidavits; 3) that Defendants omitted material facts from their affidavits with the intent to mislead the magistrate; or 4) that Defendants asserted facts "with reckless disregard of whether" those facts would mislead a magistrate.  (*Id.* (citing *Miller v. Prince George's County*, 475 F.3d 621, 627 (4th Cir. 2007) (explaining the *Franks* test).)  Thus, Plaintiff needed to offer specific evidence that would tend to place in dispute any one of those scenarios.

The Magistrate Judge found that Plaintiff offered no such evidence.  (*Id.* at 25.)  In reaching that conclusion, the Magistrate Judge noted that "unsupported allegations and speculation are insufficient to withstand a motion for summary judgment."  (*Id.* at 24 (citing *United States v. Moody*, 931 F.3d 366, 370–71 (4th Cir. 2019)).)  As the evidence related specifically to the two

10

remaining Defendants, the Magistrate Judge observed that Plaintiff "offers no proof to corroborate" his claim that Defendants "omitted material context from their affidavits to falsely arrest him," or "conduct[ed] an unlawful search and seizure of" Plaintiff's car.  (*Id.* at 25.)  Thus, because "[s]peculation and self-serving statements cannot defeat summary judgment"—which was all Plaintiff offered—the Magistrate Judge recommended this Court grant Defendants' motion for summary judgment.  (*Id.* at 26.)

Much of what Plaintiff complains of has little to do with this R&R.  However, Plaintiff does raise a number of specific objections to the Magistrate Judge's summary judgment analysis.  First, Plaintiff notes that the Magistrate Judge engaged in "credibility determinations."  (ECF No. 160-1 at 7.)  Plaintiff claims that the Magistrate Judge believed "that the number of accusers outweigh him or that he is a sex offender."  (*Id.* at 8.)  Also, he contends that "the magistrate cannot conclude that the retaliatory conspiracy charges are far-fetched or 'speculative' because that would require weighing evidence."  (*Id.* at 16.)  When it comes to Plaintiff's supposed "circumstantial evidence," he believes that the Magistrate Judge's "discrediting" that evidence proves the "magistrate is clearly weighing evidence."  (*Id.* at 10.)

It is true that the Magistrate Judge could not engage in credibility weighing at summary judgment, nor discredit Plaintiff's evidence *generally*.  *See News and Observer Pub. Co. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 579 (4th Cir. 2010).  Instead, the nonmoving party's evidence should be credited and "all justifiable inferences are to be drawn in that party's favor." *Id.*  However, once a movant has met their burden at summary judgment, the burden shifts and the nonmovant "must *identify specific facts* showing there is a genuine issue for trial."  *Bragg v. Bd. of Governors Univ. of N.C.*, 2017 WL 384311, at *4 (E.D.N.C. Jan. 25, 2017) (citing *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 324 (1986)) (emphasis added)). "Mere speculation by the non-movant cannot create a genuine issue of material fact." *JKC Holding Co. v. Washington Sports Venture, LLC*, 264 F.3d 459, 465 (4th Cir. 2001).

The R&R does not reflect credibility weighing. Instead, the Magistrate Judge noted the lack of evidence cited by Plaintiff. (ECF No. 160-1 at 25.) Plaintiff only offers self-made affidavits and his complaint as affirmative evidence. (*Id.*) In fact, the relevant "evidence" Plaintiff presents in objections reflects the lack of evidence that could be weighed.[1] Put bluntly, the Magistrate Judge could not have engaged in credibility weighing because there was nothing material to weigh. Thus, the Magistrate Judge did not engage in impermissible credibility weighing.

Plaintiff also contends that describing his statements as "speculative" also indicates impermissible credibility weighing. (*Id.* at 9.) He claims that he has presented "more than a scintilla of evidence" to survive summary judgment. (*Id.*) To reiterate, Plaintiff needed to prove something—*i.e.* present evidence—that would put in dispute some element of the *Franks* test. The only instance where Plaintiff seems to address *these* defendants and *this* cause of action is his admission "that the interstate and international tracking and plans to file affidavits against him are normal police work and would not constitute a conspiracy aside from the malicious objective." (*Id.* at 13.) Nothing Plaintiff suggests indicates there was affirmative evidence he could point to in creating a genuine issue of material fact. Since his allegations amount to nothing more than

---

[1] For example, Plaintiff alleges that "The magistrate is clearly weighing evidence and discrediting Mr. Kokinda's testimony. There is abundant circumstantial evidence that the police conspired with and/or coerced the civilians to fabricate the crude semblance of probable cause. Why else would so many people falsely accuse Mr. Kokinda absent police coercion? There's simply no other rational explanation, and no acts constituted an offense." (ECF No. 160-1 at 10.) None of this points to evidence directly. Instead, Plaintiff only continues to take his allegations, speculate about their logical ends, and then claim it as "circumstantial evidence."

12

mere speculation, they cannot be a basis to deny summary judgment.

Finally, the "false standards of law" accusation is without merit. The Magistrate Judge appropriately laid out the standard for pleading a malicious prosecution claim. (*See* ECF No. 159 at 22–24.) What Plaintiff is attempting to do is relitigate issues not germane to the R&R. This includes his beliefs that that his "retaliatory prosecution claim" contains the same elements of "malicious prosecution claim," "civilians can[] be prosecuted under § 1983," and that the "personal jurisdiction" of the dismissed defendants can be satisfied. (ECF No. 160-1 at, respectively, 8–9, 10, 16). None of these "standards" have anything to do with the Magistrate Judge's recommendation. Based on the above, Plaintiff's second objection is without merit and the Court **OVERRULES** it.

    C. *Third Objection—Curing the Pleading Defects of Corporal Miller*

Plaintiff's third objection also relates to his motion for leave to amend the complaint. (ECF No. 160 at 4–5.) Specifically, Plaintiff seeks to revive his malicious prosecution claim against Corporal S.P. Miller ("Corporal Miller"), which this Court dismissed in its previous memorandum opinion and order. (*See* ECF No. 116.) Now, Plaintiff contends that the Magistrate Judge "failed to reconsider and consider" that Plaintiff's third proposed amended complaint "added paragraphs that cured" the "pleading defect." (ECF No. 160 at 4.)

Just as the Court noted when analyzing Plaintiff's first objection, the Magistrate Judge considered the whole of Plaintiff's proposed third amended complaint. (*See* ECF No. 159 at 1.) That complaint included the portions which allegedly stated new facts regarding Corporal Miller. (ECF No. 140-2 at 24–25.) As stated before, the Magistrate Judge found "no new factual allegations against the proposed named defendants," which included Corporal Miller. (ECF No.

159 at 21.) Instead, the allegations continued to be "fanciful, outlandish," and "conclusory." (*Id.*) Thus, the Magistrate Judge concluded that any further amendment would be "futile" and recommended that this Court deny the leave to amend. (*Id.*) The Court agrees.

The standard for a malicious prosecution claim is fully laid out in the Court's previous memorandum opinion and order dismissing Corporal Miller. (ECF No. 116 at 7–10.) To make out a claim, a plaintiff must prove "the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor." *Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012). A plaintiff must prove "but-for and proximate causation." *Id.* Thus, the act of an "independent decision maker" breaks the causal link, *id.*, which was the case for Corporal Miller. However, Plaintiff could still make a malicious prosecution claim provided he sufficiently alleged Corporal Miller submitted a materially misleading warrant affidavit. *Miller*, 475 F.3d at 627. In this Court's previous order, it was this last requirement that Plaintiff failed to plead.

In his objection, Plaintiff draws the Court's attention to paragraphs 71–90 of the third amended complaint. (ECF No. 160-1 at 17.) Comparing these paragraphs to the previously dismissed complaint, the Court notes the following "new" allegations. First, Plaintiff alleges that "daily transactions" proved that Plaintiff "'briefly passed through Elkins at that time and had traveled elsewhere.'" (ECF No. 140-2 at ¶ 73.) Second, he alleges that Corporal Miller "knew that Mr. Kokinda had only rented vehicles a few days" and that he "had affirmative notice of a duty to update it with vehicle information because [Plaintiff] did not drive them more than 10 business days." (*Id.* at ¶ 75.) Third, he alleges that Corporal Miller presented an affidavit that "contained materially misleading statements that omitted his knowledge of the above facts," which

14

"negated any reasonable belief" that Plaintiff failed to update his sex offender registration. (*Id.* at ¶ 77.) Fourth, he further alleges that Corporal Miller "framed" Plaintiff's travels as "permanent and exclusive" relocation to West Virginia when he believes it only shows that he "visited" West Virginia. (*Id.* at ¶¶ 80–82.) Plaintiff believes these allegations "cure" the defects. (ECF No. 160-1 at 17.) Notably, Plaintiff relies on a novel theory contained in his objection that the "only legitimate trigger" for registering in West Virginia is by "staying more than fifteen continuous days in any particular county." (*Id.* at 17–18 (citing *State v. Beegle*, 237 W. Va. 692, 533 n.6 (2016)).)

Plaintiff's new allegations do little more than offer the same legal conclusions offered in his previous complaints. He pleads no new facts supporting a cognizable claim for relief. Instead, he merely attempts to reframe the legal significance of facts already alleged. Averring bare conclusionary statements cannot sufficiently plead a cause of action in the first place. *See Walker v. Prince George's County*, 575 U.S. 426, 431 (4th Cir. 2009) (citing *Ashcroft v. Iqbal*, 560 U.S. 662, 678 (2009) ("As the Supreme Court has recently explained, '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice' to plead a claim."). Since he could not meet the standard to resist a motion to dismiss, the proposed amended complaint would be futile. The Magistrate Judge was right to conclude the same. Accordingly, the Court **OVERRULES** Plaintiff's third objection.

D. *Fourth Objection—Law of the Case Doctrine Generally*

Plaintiff's fourth objection relates to the application of law of the case doctrine generally. (ECF No. 160 at 5.) He claims that "excessive delays in prison legal mail delivery" resulted in him being "deprived of a full and fair opportunity to object to the R&R." (*Id.*) He believes due

15

process required he receive an opportunity to object to the R&R. (ECF No. 160-1 at 22 (citing *United Student Aid Funds Inc. v. Espinosa*, 559 U.S. 260, 272 (2010)).) While it is not totally clear how this relates to the law of the case doctrine, it seems Plaintiff is alleging that having no opportunity to object should be considered a "manifest injustice" exception. *See TFWS, Inc.*, 572 F.3d at 191

The case cited by Plaintiff indicates that "[d]ue process [in a bankruptcy proceeding] requires notice '*reasonably calculated*, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *United Student Aid Funds., Inc.*, 559 U.S. at 272 (emphasis added). Even assuming this rule applies to a § 1983 claim, the objection is still without merit. First, the Court already addressed this issue when it denied Plaintiff's untimely motion for an extension. (*See* ECF 133 at 2 n.1.) Second, Plaintiff's complaints about not having sufficient notice do not comport with facts on the docket. On April 15, 2023, Plaintiff notified the Clerk that his new address was FCI-Otisville. (ECF No. 121.) On May 10, 2023, Magistrate Judge Eifert entered her R&R. (*See* ECF No. 122.) Then, on May 17, 2023, a return receipt indicated that the mail was delivered to FCI-Otisville. (ECF No. 123.) About one month after objections were due, Plaintiff filed his motion for an extension. (ECF No. 124.) Thus, Plaintiff had notice "reasonably calculated" to offer him the opportunity to object. Plaintiff's failure to timely respond to those opportunities is not a manifest injustice. Because this objection is neither merited nor related to the Magistrate Judge's R&R, the Court **OVERRULES** Plaintiff's fourth objection.

E. *Fifth Objection—Motion for a Stay*

Plaintiff finally objects to the recommendation to deny as moot the motion for a stay. (ECF No. 160 at 5.) Because the Magistrate Judge has not included the rationale for denying Plaintiff's motion to stay the case within the R&R, (*see generally* ECF No. 159), the Court will not adopt that portion of the recommendation. Instead, the Court will review Plaintiff's motion on its own accord. To that end, the Court will incorporate Plaintiff's objection to those arguments made in favor of the motion.

In his motion, Plaintiff asserts that he is experiencing "unfair hardship" generally because of other prosecutions he faces. (ECF No. 139 at 1.) Plaintiff also states, both in his motion and objection, that he should be granted a stay because the United States Supreme Court remanded his criminal case back to the Fourth Circuit for further consideration. (*Id.* at 2, ECF No. 160 at 5.)

The Court's power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In deciding whether or not to exercise this power, the Court "must weigh competing interests and maintain an even balance." *Id.* at 254–55 (citations omitted)*; see also United States v. Ga. Pac. Corp.*, 562 F.2d 294, 296 (4th Cir. 1977) (per curiam) ("The determination by a district judge in granting or denying a motion to stay proceedings calls for an exercise of judgment to balance the various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket."). In weighing the competing interests, the Court should consider "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." *White v. Ally Fin. Inc.*, 969 F. Supp. 2d 451, 462

17

(S.D. W. Va. 2013). "The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983).

Plaintiff has not shown a sufficient justification here. It is not clear how a remand in his federal criminal case affects Plaintiff's civil claims against the remaining Defendants to this action. The only claims left in this case relate to Defendants' alleged violation of Plaintiff's Fourth Amendment rights based on actions in a state criminal proceeding. Further, the fact he is facing "unfair hardships" equally is of no moment. Because this matter will close after the Court grants summary judgment, a stay will only continue to prolong the inevitable outcome of this case. Failing to grant summary judgment now would needlessly delay the relief that Defendants are entitled to. The weight of competing interests favor Defendants. Accordingly, the Court **DENIES** Plaintiff's motion for a stay. (ECF No. 139.)

## IV.    CONCLUSION

For the reasons discussed more fully above, the Court **OVERRULES** Plaintiff's Objections to the R&R. (ECF No. 160.) Accordingly, the Court **ADOPTS IN PART** the R&R, (ECF No. 159), **GRANTS** the Defendants' motion for summary judgment, (ECF No. 126), **DENIES** Plaintiff's motion to amend the complaint, (ECF No. 140), and **DENIES AS MOOT** Defendants' motion to strike Plaintiff's brief. (ECF No. 141.)

Further, the Court **REJECTS IN PART** the portion of the R&R related to the motion for a stay, (ECF No. 159), but also **DENIES** the motion for a stay. (ECF No. 139.) Finally, the Court **DISMISSES** this case and **DIRECTS** the Clerk to remove it from the Court's docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

                ENTER:     March 31, 2025

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE